STATE OF NORTH CAROLINA v. AVERY RAY HAMMONDS

No. 8226SC962

(Filed 5 April 1983)

1. **Assault and Battery § 13— victim's reputation for violence—exclusion proper**

    The trial court in a felonious assault case properly refused to permit a witness to testify on cross-examination about the victim's reputation for violence where no evidence of self-defense existed when the witness was cross-examined.

2. **Criminal Law § 138— felonious assault—aggravating factors—heinous, atrocious and cruel behavior—use of deadly weapon**

    In imposing a sentence upon defendant for assault with a deadly weapon inflicting serious injury, the trial court erred in finding heinous, atrocious and cruel behavior as an aggravating factor since there was no evidence of such factor apart from the evidence proving the elements of the crime. Similarly, defendant's use of a deadly weapon could not be considered as an aggravating factor since it was also an element of the offense. G.S. 15A-1340.4(a)(1).

APPEAL by defendant from *Howell, Judge.* Judgment entered 2 March 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 10 March 1983.

The defendant was charged in a proper bill of indictment with assaulting Patrick Kennedy with a deadly weapon (a pistol) with intent to kill and inflicting serious bodily injury.

The defendant pleaded not guilty, and was found guilty of assault with a deadly weapon inflicting serious injury.

From a judgment imposing a prison sentence of ten years, defendant appealed.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General W. A. Raney, Jr. for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Nora B. Henry for the defendant, appellant.*

HEDRICK, Judge.

[1] Defendant first contends that the trial court erred in not allowing witness Jones to testify on cross-examination about the victim's reputation for violence. A victim's reputation for violence is relevant after the self-defense issue has been raised. *State v.*

*Barbour*, 295 N.C. 66, 243 S.E. 2d 380 (1978); *State v. Johnson*, 270 N.C. 215, 154 S.E. 2d 48 (1967); 1 BRANDIS ON NORTH CAROLINA EVIDENCE § 106 (2d Rev. Ed. 1982). When witness Jones was cross-examined no evidence of self-defense existed. Consequently, the victim's reputation for violence was irrelevant at that time, and the trial judge correctly excluded that reputation evidence.

[2] Defendant next contends that the trial court erred in finding two of the three factors in aggravation. First, defendant argues that there was no evidence that the offense was especially heinous, atrocious and cruel, and that the same evidence used to find this aggravating factor was used to prove the serious injury element of the offense. The evidence showed that defendant approached the victim without provocation and shot him in the face. The use of a deadly weapon and the seriousness of injury involved here may be evidence of an especially heinous, atrocious and cruel crime. However, the same evidence proved the deadly weapon and serious injury elements of the crime. N.C. Gen. Stat. § 15A-1340.4(a)(1) states, "Evidence necessary to prove an element of the offense may not be used to prove any factor in aggravation. . . ." The trial court erred in finding heinous, atrocious and cruel behavior as an aggravating factor since there was no evidence of it apart from that evidence proving the elements of the crime.

Similarly, defendant's use of a deadly weapon cannot be an aggravating factor when it is also an element of the offense.

These errors in finding factors in aggravation require a new sentencing hearing. *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983).

Remanded for resentencing.

Judges WHICHARD and BRASWELL concur.