STATE OF NORTH CAROLINA v. SHERMAN ARTHUR THOMPSON

No. 8318SC792

(Filed 21 February 1984)

1. **Criminal Law § 138— position of leadership aggravating factor—insufficient evidence**

     The evidence was insufficient to support the court's finding as an aggravating factor in sentencing defendant for armed robbery that "defendant used others to participate in the commission of the offense and occupied a position of leadership in carrying it out" where it tended to show only that defendant was accompanied by a codefendant at the time he committed the robbery and that defendant told the codefendant of his intention to rob the victim prior to doing so.

2. **Criminal Law § 138— great monetary value aggravating factor—insufficient evidence**

     The evidence was insufficient to support the court's finding as a factor in aggravation in sentencing defendant for armed robbery that the offense involved a taking of property of great monetary value where it showed only that defendant took the victim's car keys before leaving the scene but there was no evidence that defendant made any attempt to take the car itself.

3. **Criminal Law § 138— attempt to escape aggravating factor—insufficient evidence**

     In imposing a sentence upon defendant for assault with a deadly weapon with intent to kill, the evidence did not support the trial court's finding as an aggravating factor that the offense was committed in an effort to escape or prevent lawful arrest for an armed robbery where it did not disclose that defendant was threatened with arrest at the time he committed the offense or that defendant was restrained in any way at the time.

4. **Criminal Law § 138— especially atrocious aggravating factor—insufficient evidence**

     The evidence did not support the trial court's finding as an aggravating factor that an assault with a deadly weapon with intent to kill was "especially atrocious" where it showed that defendant shot the victim in the back; defendant twice told the victim prior to the actual shooting that he intended to kill him; and the victim required hospitalization and extended medical treatment for his injuries.

APPEAL by defendant from *Hairston, Judge*. Judgment entered 29 April 1983 in Superior Court, GUILFORD County. Heard in the Court of Appeals 7 February 1984.

Defendant was charged in proper bills of indictment with robbery with a dangerous weapon and assault with a deadly weapon with intent to kill inflicting serious injury. In exchange for the State's agreement to reduce the latter charge, defendant agreed to plead guilty to robbery with a dangerous weapon and assault with a deadly weapon inflicting serious injury. In connection with defendant's plea of guilty to armed robbery, Judge Hairston found the following aggravating factors pursuant to N.C. Gen. Stat. Sec. 15A-1340.4(a)(1):

[1]. The defendant induced others to participate in the commission of the offense or occupied a position of leadership or dominance of other participants.

[2]. The offense involved an attempted or actual taking of property of great monetary value or damage causing great monetary loss, or the offense involved an unusually large quantity of contraband.

The court also found factors in mitigation. Upon finding that the factors in aggravation outweighed the factors in mitigation, the court imposed a prison sentence of twenty-five years, which exceeds the presumptive term, established by N.C. Gen. Stat. Sec. 14-87, of fourteen years.

In connection with defendant's conviction of assault with a deadly weapon inflicting serious injury, the court found the following factors in aggravation:

[1]. The offense was committed for the purpose of avoiding lawful arrest or effecting an escape after the armed robbery had been committed.

[2]. The offense was especially atrocious.

The court also found factors in mitigation. Upon finding that the factors in aggravation outweighed factors in mitigation, the court imposed a prison sentence of eight years, which exceeds the presumptive term of three years. This sentence is to begin at the expiration of the sentence imposed in connection with defendant's

conviction of armed robbery. Pursuant to the provisions of N.C. Gen. Stat. Sec. 15A-1444(a1), defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Wilson Hayman, for the State.*

*Graham, Cooke, Miles & Bogan, by Donald T. Bogan, for defendant, appellant.*

HEDRICK, Judge.

The sole question presented on appeal is whether the court erred "in its findings of aggravating and mitigating factors" and in sentencing defendant to prison terms exceeding the presumptive terms.

Under N.C. Gen. Stat. Sec. 15A-1340.4(b), a trial judge who imposes a prison term in excess of the presumptive must ground his decision on specifically identified aggravating factors "proved by a preponderance of the evidence." Our Supreme Court has defined "preponderance" in this context as "the greater weight of the evidence." *State v. Ahearn*, 307 N.C. 584, 596, 300 S.E. 2d 689, 697 (1983). Defendant's contention on appeal is that there was insufficient evidence to support each of the aggravating factors. We agree, and for that reason remand the case for resentencing.

[1] The first factor in aggravation as articulated by the trial judge in open court is that "defendant used others to participate in the commission of the offense and occupied a position of leadership in carrying it out." The record discloses that defendant was accompanied by a co-defendant, Mr. Huntley, at the time he committed the robbery. A statement made by defendant following his arrest and introduced at the hearing indicates that defendant told Mr. Huntley of his intention to rob the victim prior to doing so. The record contains no other evidence of Mr. Huntley's participation in the crime or of the relationship between defendant and Mr. Huntley. This evidence is insufficient support for the court's finding in this regard.

[2] The trial court also found that "there was an attempt to steal the automobile, . . . and that this was a taking of property of great monetary value." The record discloses that defendant took the victim's car keys before leaving the scene. There was no evidence that defendant made any attempt to take the car itself.

The court's finding in this regard was thus without evidentiary support.

[3] With respect to defendant's conviction of assault with a deadly weapon inflicting serious injury, the court found as an aggravating factor that "this was committed after the armed robbery had been completed," and "that it was committed in an effort to escape or to prevent lawful arrest." The record does not disclose that defendant was threatened with arrest at the time he committed the offense. Nor do we believe he can be said to have committed the offense in an effort to "escape," since he was not restrained in any way at the time. Thus there was no evidence that would support the court's finding in this regard.

[4] The last factor in aggravation found by the trial court was that the assault of which defendant was convicted was "especially atrocious." Our Supreme Court discussed this factor at length in *State v. Blackwelder*, 309 N.C. 410, 414, 306 S.E. 2d 783, 786 (1983): "[T]he focus should be on whether the facts of the case disclose *excessive* brutality, or physical pain, psychological suffering, or dehumanizing aspects *not normally present in that offense*." (Emphasis original.) In the instant case, the record discloses that defendant shot the victim in the back. The State presented evidence indicating that the defendant twice told the victim prior to the actual shooting that he intended to kill him. Further, there was evidence that the victim required hospitalization and extended medical treatment for his injuries. Nevertheless, we think it clear that these circumstances are not so unusual in connection with the offense of assault with a deadly weapon inflicting serious injury as to establish that the offense was "especially atrocious." For this reason we find the evidence insufficient to support the court's finding in this regard.

These errors in finding factors in aggravation require a new sentencing hearing.

Remanded for resentencing.

Judges HILL and EAGLES concur.