STATE OF NORTH CAROLINA v. LARRY JAMES ATKINS

No. 85A84

(Filed 5 June 1984)

1. **Criminal Law § 138— heinous, atrocious, or cruel aggravating factor**

    In an inquiry regarding the applicability of the heinous, atrocious, or cruel aggravating factor, the focus should be on whether the facts of the case disclosed excessive brutality, or physical pain, psychological suffering, or dehumanizing aspects not normally present in that offense.

2. **Criminal Law § 138— especially heinous, atrocious, or cruel aggravating factor—comparison of crime to like crimes**

    In determining whether a particular offense is especially heinous, atrocious, or cruel, the criminal act being considered must be compared to like criminal offenses.

3. **Criminal Law § 138— second-degree sexual offense—especially heinous, atrocious, or cruel aggravating factor**

    Since anal intercourse, or any other sexual act specified in G.S. 14-27.5(a)(1), when relied on for conviction, constitutes an essential element of a second-degree sex offense, proof of such a sexual act forcibly committed, standing alone, is never enough to make a sex offense especially heinous, atrocious, or cruel.

**4. Criminal Law § 138— sexual offense—insufficient evidence of heinous, atrocious or cruel aggravating circumstance**

The evidence was insufficient to support the sentencing judge's finding that defendant's second-degree sexual offense was especially heinous, atrocious, or cruel where it showed that defendant's conviction was based upon the victim's testimony that defendant forcibly and against her will engaged in anal intercourse with her; fissures observed by a physician around the victim's anus could have been caused by the body's natural waste elimination process and thus did not constitute significant injury; and defendant used a pillow over the back of the victim's head only to prevent her from observing him and not in an effort to smother or otherwise harm her.

DEFENDANT appeals a decision by a divided panel of the Court of Appeals, 66 N.C. App. 67, 310 S.E. 2d 629 (1984), finding no error in a sentence imposed by *Judge James D. Llewellyn* at the 18 October 1982 Criminal Session of WAYNE County Superior Court.

*Rufus L. Edmisten, Attorney General, by Richard L. Kucharski, Assistant Attorney General, for the state.*

*Adam Stein, Appellate Defender, and James A. Wynn, Jr., Assistant Appellate Defender, for defendant appellant.*

EXUM, Justice.

The sole issue raised in this appeal is the propriety of the sentencing judge's finding that defendant's second degree sexual offense was especially heinous, atrocious, or cruel. *See* N.C. Gen. Stat. § 15A-1340.4(a)(1)f. We conclude there is no evidence to support this finding, reverse the decision of the Court of Appeals, and remand for a new sentencing hearing.

I.

On 21 May 1983 the victim retired for the evening to the bedroom in her apartment. At approximately 6:20 the next morning, she was awakened by the force of another person sitting down on the edge of her bed. As she began to scream, the intruder attempted to cover her mouth and told her that he would hurt her if she did not keep quiet. The two struggled briefly. The intruder eventually succeeded in turning the victim over onto her stomach. He placed a sheet over her and a pillow over the back of her head. He then engaged in anal intercourse with her and left.

After he left the victim went to the apartment of a neighbor who called the police.

At trial the victim identified defendant as her assailant. Defendant was convicted by a jury of felonious breaking and entering and second degree sexual offense. Upon defendant's conviction Judge Llewellyn sentenced him to two consecutive prison terms of eight and sixteen years for the breaking and entering and second degree sexual offenses respectively. The presumptive sentence for a second degree sex offense, a Class D felony, is twelve years. N.C. Gen. Stat. § 14-27.5(b) and 15A-1340.4(b).

On defendant's appeal, the Court of Appeals found no error in either the guilt or sentencing phases of defendant's trial. Judge Eagles dissented, however, as to that court's determination that the evidence supported the trial judge's finding that the sex offense was especially heinous, atrocious, or cruel. Defendant appeals the decision of the Court of Appeals on that issue as a matter of right. N.C. R. App. P. 16(b).

## II.

[1, 2] We are again called upon to analyze the meaning and explicate the perimeters of the aggravating factor that an offense is especially heinous, atrocious, or cruel. We have previously explained that in an inquiry regarding the applicability of this aggravating factor, "the focus should be on whether the facts of the case disclose *excessive* brutality, or physical pain, psychological suffering, or dehumanizing aspects *not normally present in that offense*." *State v. Blackwelder*, 309 N.C. 410, 414, 306 S.E. 2d 783, 786 (1983). As this standard suggests, in determining whether a particular offense is especially heinous, atrocious, or cruel, the criminal act being considered must be compared to like criminal offenses.

For example, in determining whether a particular manslaughter is especially heinous, atrocious, or cruel, a sentencing court should compare the facts before it with facts "normally present" in other manslaughters. We have affirmed a trial court's determination that the voluntary manslaughter of an infant was especially heinous, atrocious, or cruel when the victim "was beaten to death—struck against a bedpost with such force that it shattered his cast and crushed his skull. . . . His injuries were

multiple, and death was not immediate." *State v. Ahearn*, 307
N.C. 584, 606-07, 300 S.E. 2d 689, 703 (1983). We have also used
the *Blackwelder* standard to affirm the trial court's determination
that a first degree murder, accomplished by beating the victim
to death with sticks, was especially heinous, atrocious, or cruel.
In that case, "[t]he victim's skull was crushed and fractured in
several places. The orb of one eye was driven into the brain. In
spite of the continued blows to his head and the severity of the
wounds, the victim lingered and remained in a semi-conscious
state for over twelve hours." *State v. Benbow*, 309 N.C. 538, 545,
308 S.E. 2d 647, 651 (1983). *Blackwelder* and its progeny indicate
that a determination of whether a particular offense is especially
heinous, atrocious, or cruel hinges on a comparison of the facts in-
volved in that offense with facts normally attributable to other
like offenses.

[3]   A person commits a second degree sexual offense by engag-
ing in a sexual act with another person by force and against the
will of that other person. N.C. Gen. Stat. § 14-27.5(a)(1). A sexual
act "means cunnilingus, fellatio, analingus, or anal intercourse,
but does not include vaginal intercourse [and] also means the pen-
etration, however slight, by any object into the genital or anal
opening of another person's body [except] for accepted medical
purposes." N.C. Gen. Stat. § 14-27.1(4). In deciding whether a par-
ticular second degree sex offense is especially heinous, atrocious
or cruel, the facts should be compared with facts which are nor-
mally present in any second degree sex offense, however the of-
fense may be committed. But since anal intercourse, or any other
sexual act specified in the statute, when it is relied on for convic-
tion, constitutes an essential element of a second degree sex
offense, it is clear that proof of such a sexual act forcibly commit-
ted, standing alone, is never enough to make a sex offense
especially heinous, atrocious, or cruel. This is so because
"[e]vidence necessary to prove an element of the offense may not
be used to prove any factor in aggravation." N.C. Gen. Stat.
§ 15A-1340.4(a)(1).

[4]   In the instant case, the jury convicted defendant of second
degree sexual offense based upon the victim's testimony that
defendant forcibly and against her will engaged in anal inter-
course with her. Anal intercourse requires penetration of the anal
opening of the victim by the penis of a male. *See State v. Lucas*,

302 N.C. 342, 275 S.E. 2d 433 (1981). The penetration must be forcibly committed for it to constitute a second degree sex offense.

The question is whether there are here circumstances in evidence in addition to the fact of forcible anal penetration by defendant's penis which would support the aggravating factor as it was defined in *Blackwelder*. A majority of the Court of Appeals characterized what it considered to be such circumstances as follows:

> Unquestionably, the prosecutrix's anus was mutilated as the record shows that the prosecutrix sustained several small fissures in the skin around her anus and one fairly large fissure at the posterior wall of the anus. The placement of the pillow over the prosecutrix's head, thereby adding to the prosecutrix's ordeal, was an activity not normally present in a sexual offense. The prosecutrix could have smothered to death. Finally, the sentencing judge was best able to judge the demeanor of the victim.

*State v. Atkins*, 66 N.C. App. at 71, 310 S.E. 2d at 632.

It is true that Dr. Robert L. Smith, the physician who examined the victim, testified: "The rectal examination showed several small fissures or breaks in the skin around the anus, with one fairly large fissure at the posterior wall of the anus. The rectal exam with the finger revealed no masses or internal trauma." But on cross-examination he concluded that it was possible for the fissures he observed to have been caused by the body's natural waste elimination process. We view this concession as evidence that the fissures observed by Dr. Smith did not constitute significant injury. This was the only evidence characterizing the physical condition of the victim's body after the attack. The Court of Appeals may have correctly observed that placing a pillow over the victim's head is not an activity normally present in a sex offense case. But the victim's testimony, which was the sole evidence on this issue, indicated that defendant used the pillow over the back of her head only to prevent her from observing him, not in an effort to smother or otherwise harm her.

The anal fissures described by Dr. Smith are hardly more than evidence that the anal intercourse was forcible. Defendant did not use the pillow to further harm the victim but to shield

him from her sight. Although more serious anal injury even in an anal intercourse sex offense case or the use of a pillow or other device for the purpose of inflicting additional physical harm or psychological terror might call for a different result, we conclude the facts here do not "disclose *excessive* brutality, or physical pain, psychological suffering, or dehumanizing aspects *not normally present in*" second degree sex offenses within the meaning of the *Blackwelder* standard.

Finally, the Court of Appeals' determination that "the sentencing judge was best able to judge the demeanor of the victim" is of no aid in determining whether this sexual offense could be found especially heinous, atrocious, or cruel. Accepting all of the state's evidence as true, we are still unable to conclude that it was sufficient to support such a finding.

Our review of the entire record leads us to conclude that the trial judge erred in finding the second degree sexual offense here committed was especially heinous, atrocious, or cruel. We reverse the decision of the Court of Appeals on that issue and remand the matter to the Court of Appeals for further remand for resentencing to Wayne County Superior Court. *See State v. Ahearn,* 307 N.C. 584, 300 S.E. 2d 689 (1983).

Reversed and remanded.