STATE OF NORTH CAROLINA v. WALTER BRYANT, JR.

No. 856SC386

(Filed 1 April 1986)

1. **Assault and Battery § 15.7— assault with firearm—instruction on self-defense refused—no error**

    The trial court did not err by denying defendant's request for a self-defense instruction as to the charge of assault with a deadly weapon with intent to kill inflicting serious injury on defendant's former wife where the only evidence supporting the request was that defendant's former wife owned a gun which defendant had seen on two prior occasions and that defendant did not believe the gun held by his wife's companion was his wife's gun. Defendant never saw his former wife holding any weapon and she never made any advance toward him.

2. **Criminal Law § 138.26— aggravating factor—great monetary loss—lost wages from assault—no error**

    The trial court did not err by finding as an aggravating factor when sentencing defendant for assault with a deadly weapon with intent to kill inflicting serious injury that the offense involved great monetary loss based on the victim's medical expenses and lost wages. This factor was not intended to apply only to property damage, and it was not error to consider the result of the assault as an aggravating factor because in this case the evidence of hospital costs and loss of income was not necessary to prove the serious injury element, and monetary loss made the crime worse than it would otherwise have been. N.C.G.S. 15A-1340.4(a)(1)m.

    Judge EAGLES dissenting in part.

APPEAL by defendant from *Allsbrook, Judge*. Judgment entered 17 August 1984 in Superior Court, HALIFAX County. Heard in the Court of Appeals 18 October 1985.

*Attorney General Lacy H. Thornburg by Associate Attorney Dolores O. Nesnow for the State.*

*Appellate Defender Adam Stein by First Assistant Appellate Defender Malcolm Ray Hunter, Jr., for defendant appellant.*

COZORT, Judge.

The defendant was tried upon indictments, proper in form, charging him with assault with a deadly weapon with intent to kill Marvin Hardy, his former wife's boyfriend; assault with a deadly weapon with intent to kill inflicting serious injury on Margie Bryant, his former wife; and discharging a firearm into an occupied vehicle. He was acquitted of the assault on Hardy and convicted of assault with a deadly weapon inflicting serious injury upon Margie Bryant and discharging a firearm into an occupied vehicle. On appeal he contends he was entitled to an instruction on self-defense as to Margie Bryant even though there was no evidence that she committed any overt act of aggression at the time of the alleged assault. He also contends the trial court erred by finding as an aggravating factor that the offense involved damage causing great monetary loss. We find no error.

The State's evidence tended to show the following: Margie Bryant and defendant Walter Bryant, Jr., were divorced in 1982. Mrs. Bryant had custody of the two children born of the marriage. In March of 1984, she began dating Marvin Hardy. In the early evening hours of 18 May 1984, around 6:30 or 7:00, Mrs. Bryant's sister dropped Mrs. Bryant off at Hardy's house at Route 2, Enfield, in Halifax County. Her children had been left at a friend's home for the evening. Hardy and Mrs. Bryant went for a walk and visited Hardy's uncle, returning to Hardy's house around 10:00 p.m. Sometime after 1:00 a.m., Hardy and Mrs. Bryant were preparing to leave in Hardy's automobile when the defendant pulled up in his car directly in front of Hardy's car. The defendant ran up to the passenger side of Hardy's car where Mrs. Bryant was sitting, yelled something at Mrs. Bryant, and began shooting a pistol. Mrs. Bryant was shot in the back. The defendant went to the front of the car and fired another shot into the

windshield. While defendant was approaching the Hardy auto, Mrs. Bryant pulled a pistol from her purse and placed it on the console between the front seats. After defendant shot Mrs. Bryant, and while defendant was shooting into the windshield, Hardy picked up the pistol and tried to shoot the defendant, but the gun misfired. Mrs. Bryant never touched the pistol after she put it on the console. Hardy opened the car door, "rolled out," and ran to a neighbor's house to call the police. Defendant drove away in his car.

Defendant testified that he went to Hardy's house looking for Mrs. Bryant to talk to her about the children. He approached Hardy's car with his hand in his pocket which contained a pistol. According to the defendant, Hardy pulled his gun first, and the defendant shot at Hardy to keep from being shot, never intending to shoot Mrs. Bryant. After the shooting, Hardy ran away. Defendant drove straight to the police station, stopping only to throw his pistol in a creek on the way. The defendant also presented testimony that on two prior occasions, Mrs. Bryant had a gun in her possession while she was having a discussion with the defendant. On one of those occasions she was also carrying a knife.

[1] At trial, on the offense of assault with a deadly weapon with intent to kill Marvin Hardy, the trial court instructed the jury that if the defendant acted in self-defense, his actions were excused and defendant was not guilty. The trial court denied the defendant's request for a self-defense instruction as to the charge of assault with a deadly weapon with intent to kill inflicting serious injury on Margie Bryant. Defendant argues that under *State v. Spaulding*, 298 N.C. 149, 257 S.E. 2d 391 (1979), he is entitled to an instruction on self-defense as to his former wife because the evidence, taken in the light most favorable to the defendant, would tend to show (1) that defendant was not the aggressor, and (2) it reasonably appeared to be necessary to shoot Mrs. Bryant to protect himself from death or great bodily harm.

In *Spaulding*, our Supreme Court held the trial court erred in refusing to instruct on self-defense where defendant, a Central Prison inmate, offered evidence tending to show he did not provoke the affray, he was not the aggressor, and even though the victim had no weapon on his body and made no show of deadly

force toward the defendant, the victim had threatened him in the past, and on this occasion, backed the defendant up to a fence with his hand jammed into his pocket.

*Spaulding* is distinguishable. In the instant case, there is no evidence to support defendant's theory that he had a reasonable basis for believing he needed to defend himself against Margie Bryant. The evidence is clear that defendant never saw Mrs. Bryant holding any weapon while she was seated in the car. She never made any advance toward defendant. The only evidence supporting defendant's request is his evidence that his former wife owned a gun which he saw on two prior occasions, and his evidence that he did not believe the gun held by Hardy was Mrs. Bryant's gun. We hold that evidence to be insufficient to form a reasonable basis for apparent necessity for self-defense. Where the defendant fails to present "some evidence" indicating that he acted in self-defense, he is not entitled to a jury instruction on that defense. *State v. Brooks*, 37 N.C. App. 206, 245 S.E. 2d 564 (1978).

[2]  Defendant's next assignment of error alleges that the trial court erred by finding as a statutory aggravating factor in the assault of Margie Bryant that the "offense involved damage causing great monetary loss." At the sentencing hearing, Mrs. Bryant testified that as a result of the injuries she received, she was hospitalized, incurring medical expenses of approximately $5,000.00, which had not yet been paid by her insurance. She was out of work seven or eight weeks, losing approximately $1,000.00 in salary. Her gross income is about $134.00 a week.

Defendant first argues that the trial court erred because the statutory aggravating factor found by the court was intended to apply to cases where *property* had been taken or damaged. The statutory aggravating factor in question reads as follows:

> The offense involved an attempted or actual taking of property of great monetary value *or* damage causing great monetary loss, or the offense involved an unusually large quantity of contraband.

G.S. 15A-1340.4(a)(1)m (emphasis added). We do not agree that the factor applies only to property. The use of the word "or" clearly creates two separate situations: The first is an offense involving

the attempted or actual taking of property of great monetary value; the second is *damage* causing great monetary loss. The "damage" in the second situation is not modified by and therefore not restricted to the "property" in the first. We hold that "damage causing great monetary loss" as an aggravating factor is not restricted to damage to property.

Defendant's second and more important argument concerning this aggravating factor is his contention, citing *State v. Medlin*, 62 N.C. App. 251, 302 S.E. 2d 483 (1983), that it is improper to consider the nature and results of injuries as an aggravating factor. In *Medlin*, this Court held the trial court erred by finding, in a case of assault with a deadly weapon with intent to kill inflicting serious injury, as a non-statutory aggravating factor, " 'that the victim suffered very severe physical disability.' " *Id.* at 255-56, 302 S.E. 2d at 485. The court reasoned that "the 'resulting disability to the victim' factor . . . does not relate to the character or conduct of the defendant." *Id.* at 255-56, 302 S.E. 2d at 486.

In *State v. Blackwelder*, 309 N.C. 410, 306 S.E. 2d 783 (1983), decided after *Medlin*, the Supreme Court discussed the "impact" of the crime on the victim:

> Also relevant to the question of sentencing and properly considered under G.S. 15A-1340.4(a)(1) is the impact of the crime on the victim. Where the physical or emotional injury is *in excess* of that normally present in the offense, multiple injuries would be an important consideration *either* as an additional factor in aggravation *or* as proof that the offense was especially heinous, atrocious, or cruel.

*Id.* at 413, n. 1, 306 S.E. 2d at 786, n. 1 (emphasis in original).

Similar reasoning was applied in *State v. Nichols*, 66 N.C. App. 318, 311 S.E. 2d 38, *disc. rev. denied*, 311 N.C. 406, 319 S.E. 2d 278 (1984), where this Court, in a common law robbery case upheld as an aggravating factor the finding that the defendant inflicted serious bodily injury upon the victim, and stated the following:

> Serious injury is not an element of common law robbery. We believe the fact that the victim suffered serious injury in this case *makes it a worse crime than it would otherwise*

*have been,* and it is reasonably related to the purposes of sentencing. We hold that Judge Brown properly found this aggravating factor.

*Id.* at 321, 311 S.E. 2d at 39-40 (emphasis added).

Following that line of reasoning, we hold that it is proper to find as an aggravating factor in cases of assault inflicting serious injury that the offense involved damage causing great monetary loss, because the evidence of the great monetary loss is not an element of the offense itself and makes the crime worse than it would otherwise have been. In the instant case, Margie Bryant was shot in the back by defendant. The evidence of the resulting serious injury was uncontradicted. Thus, the question before us is whether the evidence of the costs of her hospitalization and the evidence of her loss of income from her absence from work are beyond that necessary to prove the serious injury element of the assault crime and sufficient to make the offense worse than it would otherwise have been. Our review of the record shows the evidence of hospitalization costs and loss of income were not necessary to prove the serious injury element of the assault charge against defendant. That evidence was offered during the sentencing phase, not at the trial phase. At trial, Mrs. Bryant described being shot, the severe pain, the hospitalization, and her staying out of work as a result. Dr. F. G. Jarman, Jr., the attending physician, testified about the seriousness of the wound, the surgery, and Mrs. Bryant's recovery. Neither gave evidence at trial of the economic impact of the injury. We find the evidence of the costs of hospitalization and loss of income were not necessary to prove the serious injury element of the offense.

We now consider whether the economic impact made the crime worse than it would otherwise have been. In *State v. Rotenberry,* 54 N.C. App. 504, 284 S.E. 2d 197 (1981), we held that " '[s]erious injury' . . . means physical or bodily injury resulting from an assault with a deadly weapon. The injury must be serious, but evidence of hospitalization is not required." *Id.* at 511, 284 S.E. 2d at 201. Since it is not necessary to prove hospitalization to show a serious injury, an assault resulting in serious injury becomes a worse crime if the injury does result in hospitalization and absence from work which has a serious economic impact, a great monetary loss, to the victim. Here, the victim was

supporting two minor children on a gross income of about $134.00 a week. A hospital bill of $5,000.00 and lost wages of $1,000.00 is a great monetary loss in this case, making the crime worse than it would otherwise have been. We hold the trial court correctly found as an aggravating factor that the offense involved damages causing great monetary loss.

No error.

Judge WHICHARD concurs.

Judge EAGLES concurs in part and dissents in part.

Judge EAGLES dissenting in part.

I dissent from the portions of the majority opinion which sanction the use of the statutory aggravating factor in G.S. 15A-1340.4(a)(1)m in this assault with a deadly weapon inflicting serious bodily injury case.

G.S. 15A-1340.4(a)(1)m reads: "The offense involved an attempted or actual taking of property of great monetary value or damage causing great monetary loss, or the offense involved an unusually large quantity of contraband."

The language relied on by the majority is the "[t]he offense involved . . . damage causing great monetary loss, . . . ." The evidence which they contend supports this finding is the $5,000 hospital and medical expenses and approximately $1,100 in lost wages suffered by the victim.

Their logic is flawed in several respects. First, the statutory element deals with property taken or attempted to be taken, large amounts of contraband (again property) and "*damage* causing great monetary loss." [Emphasis added.] The language chosen by the General Assembly was not "injury" or "personal injury" but "damage," a term usually associated with harm to property rather than injury to people. The word "damage" is linked amid a series of other property-oriented criteria.

My research discloses no prior decisions of our appellate courts which sanction the use of the statutory aggravating factor at G.S. 15A-1340.4(a)(1)m when its only support is evidence of

hospitalization and medical expenses and lost wages of the victim or even evidence of serious bodily injury. On the contrary, in *State v. Medlin*, 62 N.C. App. 251, 302 S.E. 2d 483 (1983), we held that the trial court erred in finding as a non-statutory aggravating factor "that the victim suffered very severe physical disability," where the charge was, as in the instant case, assault with a deadly weapon with intent to kill inflicting serious injury.

The majority relies on *State v. Nichols*, 66 N.C. App. 318, 311 S.E. 2d 38, *cert. denied*, 311 N.C. 406, 319 S.E. 2d 278 (1984) but it was a common law robbery case where serious injury to the victim was not an element of the offense, unlike the charge before us here.

Secondly, the evidence relied upon to justify the statutory aggravating factor chosen (15A-1340.4(a)(1)m) is also some of the evidence necessary to prove an element of the offense, infliction of serious injury.

Where the charge is assault with a deadly weapon inflicting serious injury, evidence of the gravity of the injury is important to establish an essential element, serious injury.

The sentencing statute expressly forbids the use of evidence necessary for proof of an element of the offense to also support a finding that an aggravating factor exists: "Evidence necessary to prove an element of the offense may not be used to prove any factor in aggravation. . . ." G.S. 15A-1340.4(a)(1).

While the absence of evidence of hospitalization is not fatal to proof of serious injury, *State v. Rotenberry*, 54 N.C. App. 504, 284 S.E. 2d 197 (1981), *cert. denied*, 305 N.C. 306, 290 S.E. 2d 705 (1982), its presence in a case like this is highly probative of the existence of *serious* injury.

For these reasons I respectfully dissent from the majority's endorsement of a finding of a G.S. 15A-1340.4(a)(1)m aggravating factor based solely upon evidence of lost wages and substantial hospital and medical expenses.