STATE OF NORTH CAROLINA v. JAMES CURTIS SOWELL AND LONNIE ALONYA SAMUEL

No. 8516SC1083

(Filed 6 May 1986)

**1. Criminal Law § 75.4— statement involving right to counsel—admission as harmless error**

   The trial court erred in permitting a detective to testify that defendant declined to talk with him until he had conferred with an attorney, but such error was not prejudicial in light of the overwhelming evidence of defendant's guilt of the offense charged.

**2. Criminal Law § 114.2— supplemental instruction—no expression of opinion**

   The trial court did not express an opinion on the evidence in advising the jury that the recollection of others that the victim had received two gunshot wounds differed from his own recollection of the evidence and that, in any event, the jurors should rely entirely on their own recollections of the evidence.

**3. Criminal Law § 138.26— felonious assault—great monetary loss aggravating factor**

   The trial court could properly find as an aggravating factor for assault with a deadly weapon with intent to kill inflicting serious injury that the offense involved "damage causing great monetary loss" based on the victim's medical expenses since (1) the "great monetary loss" aggravating factor does not apply only to cases involving loss or damage to property, and (2) evidence of medical expenses was not necessary to prove serious injury or any other element of the offense. N.C.G.S. § 15A-1340.4(a)(1)m.

**4. Criminal Law § 138.26— great monetary loss aggravating factor—sufficiency of proof**

   The "great monetary loss" aggravating factor for felonious assault was proved by a preponderance of the evidence where the victim testified that he had personally seen medical bills totalling from $30,000 to $40,000 and that he had been informed that the total costs of his medical treatment would be between $75,000 and $100,000.

   Judge BECTON concurring in part and dissenting in part.

---

State v. Sowell

---

APPEAL by defendants from *McLelland, Judge.* Judgments entered 31 May 1985 in ROBESON County Superior Court. Heard in the Court of Appeals 12 February 1986.

The Robeson County grand jury returned proper bills of indictment charging both defendants with assault with a deadly weapon with intent to kill inflicting serious injury. Both defendants entered pleas of not guilty and the State's motion for joinder was allowed without objection.

At trial, the State presented evidence tending to show that on 14 November 1984, Elbert Owens, the manager of the Days Inn motel on U. S. Highway 301 in Robeson County near the South Carolina boundary line, observed the defendants trying to open the locked door to his office. Mr. Owens refused to open the door and, after some brief conversation, defendants left and walked toward the Family Inns motel. Mr. Owens called Charles Sisk, the manager of the Family Inns motel, to advise him that the men were coming toward his motel and that they were acting suspiciously. Shortly thereafter, Mr. Sisk heard noises which sounded as if someone was rattling the doors to the motel rooms. He armed himself with two pistols and went outside. He saw both defendants and saw that defendant Samuel was wearing a shoulder holster containing a pistol. Defendant Sowell grabbed Mr. Sisk's arm and defendant Samuel pulled out his pistol and pointed it at Mr. Sisk. Mr. Sisk and Samuel exchanged shots; each was struck. Samuel then approached Mr. Sisk and pointed the pistol at him again. Mr. Sisk managed to grab the pistol and divert it in the direction of defendant Sowell, so that when Samuel fired the pistol, Sowell was struck by the bullet. Both defendants fled.

Shortly after midnight, defendant Samuel arrived at the home of Sam Lottie in Dillon, S. C. and told Mr. Lottie that he had been shot. Mr. Lottie drove him to the hospital and law enforcement officials were notified. At approximately 1:15 a.m., a Robeson County deputy found defendant Sowell walking along Highway 301 about a mile and a half from the Family Inns motel. Sowell was also suffering from a gunshot wound.

Mr. Sisk was taken to Southeastern General Hospital where he underwent surgery for gunshot wounds to his head and mouth. He was hospitalized for approximately one month and remains partially paralyzed.

Neither of the defendants offered evidence. The jury found each of them guilty as charged and the court entered judgments sentencing both defendants to active fifteen year prison terms. Defendants appeal.

*Attorney General Lacy H. Thornburg by Associate Attorney J. Charles Waldrup, for the State.*

*Acting Appellate Defender Malcolm Ray Hunter, Jr. by Assistant Appellate Defender Gordon Widenhouse, for defendant appellant Samuel.*

*Smith and Jobe, by Bruce F. Jobe, for defendant appellant Sowell.*

MARTIN, Judge.

I

[1]  In his sole assignment of error relating to the trial, defendant Samuel contends that his constitutional rights were violated when a law enforcement officer, Detective Franklin Lovette, was permitted to testify that Samuel declined to talk with him until he had conferred with an attorney. Detective Lovette testified that he had attempted to interview Samuel while Samuel was in the hospital in Dillon, S. C. The following colloquy occurred between the prosecutor and Detective Lovette:

Q. All right. Did you have any conversation with him there?

A. After getting approval of the attending physician in charge of intensive care, I went to interview Mr. Samuel for the purpose of trying to find out exactly what happened on the date of November the 14th, or the early morning hours of November 14th.

After being advised of his rights, verbally, to that fact that he had the right to remain silent and have an attorney present, Mr. Samuel stated that he had better wait until he talked to a lawyer.

MR. REGAN: Objection. Move to strike.

THE COURT: Overruled.

We agree with defendant Samuel that the admission of this testimony was error. Samuel's statement that he had "better wait until he talked to an attorney" was clearly an invocation of his right to counsel. *Edwards v. Arizona*, 451 U.S. 477, 68 L.Ed. 2d 378, 101 S.Ct. 1880, *reh'g denied*, 452 U.S. 973, 69 L.Ed. 2d 984, 101 S.Ct. 3128 (1981). The State may not present evidence that a defendant exercised his fifth amendment right to remain silent or that he exercised his right to counsel. *State v. Ladd*, 308 N.C. 272, 302 S.E. 2d 164 (1983).

The erroneous admission of this testimony does not, however, entitle defendant Samuel to a new trial.

> Every violation of a constitutional right is not prejudicial. Some constitutional errors are deemed harmless in the setting of a particular case, not requiring the automatic reversal of a conviction, where the appellate court can declare a belief that it was harmless beyond a reasonable doubt. [Citations omitted.] Unless there is a reasonable possibility that the evidence complained of might have contributed to the conviction, its admission is harmless. [Citation omitted.]

*State v. Taylor*, 280 N.C. 273, 280, 185 S.E. 2d 677, 682 (1972). Upon the evidence presented in this case, we see no reasonable possibility that the testimony complained of might have contributed to defendant Samuel's conviction. Samuel was seen in the company of Sowell earlier the same night by a Dillon, S. C. police officer. Both defendants were unequivocally identified by Elbert Owens and by the victim. Shortly after Mr. Sisk exchanged shots with his assailants, Samuel appeared at the home of an acquaintance seeking assistance in obtaining medical treatment for a gunshot wound. In the face of such overwhelming evidence of guilt, it is clear beyond any reasonable doubt that the erroneous admission of the evidence that Samuel had invoked his right to counsel was harmless error.

## II

[2]  Defendant Sowell contends that the trial court impermissibly expressed an opinion as to the evidence by stating, in supplemental instructions to the jury, that Mr. Sisk had received two gunshot wounds. The record reveals that when the court summarized

the evidence in the jury instructions, it stated that Mr. Sisk was shot one time in the mouth. After the jury retired, but before it began deliberations, the prosecutor advised the court that his own recollection of the evidence was that Mr. Sisk had received a second wound to the top of his head. After inquiring of counsel for both defendants, the court stated that it would "make the correction." The court then recalled the jury and gave the following instruction:

> THE COURT: Ladies and Gentlemen, it was called to my attention that my recollection was not correct with respect to the testimony of the State's witness, Charles Sisk.

> The others recollection of the testimony is that he was shot twice; once in the face and once in the top of the head.

> I mention to you that my reference to the evidence was for illustrative purposes and not to be considered by you in substitution to the evidence, but since the others recalled my recollection being different from theirs, I thought it necessary to call you back and remind you that in that particular and in all others if my recollection does not accord with yours, then, of course, you disregard mine entirely and rely exclusively—not on their recollection or mine, but on your own recollection of what the evidence is.

After the jury had again retired, counsel for defendant Sowell objected to the additional instruction "as a statement of opinion."

G.S. 15A-1232 prohibits the judge from expressing, in the instructions to the jury, any opinion as to whether a fact has been proved. We find no violation of the statute in this case. The court merely advised the jurors that the recollection of others differed from his own recollection of the evidence and that, in any event, the jurors should rely entirely on their own recollections of the evidence. This assignment of error is overruled.

## III

Both defendants assign error to the sentencing proceeding. They contend that the trial court improperly found and considered, as a factor in aggravation of punishment, that "the offense involved damage causing great monetary loss." We disagree.

[3] The statutory aggravating factor upon which the court's finding was based is contained in N.C. Gen. Stat. § 15A-1340.4(a)(1)m and reads as follows:

The offense involved an attempted or actual taking of property of great monetary value *or damage causing great monetary loss*, or the offense involved an unusually large quantity of contraband. [Emphasis added.]

Defendants first contend that the clear legislative intent of the factor was that it apply only to cases involving loss or damage to property. This issue has been resolved against defendants by the opinion rendered by another panel of this Court in *State v. Bryant*, 80 N.C. App. 63, 341 S.E. 2d 358 (1986) (*but see* dissenting opinion by Eagles, J.). For the reasons stated in *Bryant*, we reject this contention.

Secondly, defendants contend that the evidence of "great monetary loss," i.e., the victim's medical bills, was used by the State to prove that the victim had sustained a serious injury, a necessary element of the crime. We reject this contention as well. The State did not offer evidence of the amount of Mr. Sisk's medical expense until the sentencing hearing. Thus, the amount of monetary loss occasioned by the defendant's criminal acts was clearly not used by the State to prove any element of the offenses. Moreover, the uncontradicted evidence of the injuries suffered by Mr. Sisk and the residual disability resulting therefrom was clearly sufficient, standing alone, to prove the element of serious injury. The additional evidence of medical expense was not necessary to prove that or any other element of the offenses for which defendants were convicted. See *State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983); *State v. Bryant, supra*.

[4] Finally, defendants contend that the factor was not proven by a preponderance of the evidence. Mr. Sisk testified, without objection, that he had personally seen medical bills totalling from $30,000.00 to $40,000.00 and that he had been informed that the total costs of his medical treatment would be between $75,000.00 and $100,000.00. We find his uncontradicted testimony sufficient to support the trial court's finding of great monetary loss.

The defendants received a fair trial free from prejudicial error.

No error.

Judge JOHNSON concurs.

Judge BECTON concurs in part, and dissents in part.

Judge BECTON concurring in part and dissenting in part.

For the reasons stated in Judge Eagles' dissent in *State v. Bryant*, 80 N.C. App. 63, 341 S.E. 2d 358 (1986), and because I believe the defendants in this case should benefit immediately from any possible favorable ruling by our Supreme Court in the *Bryant* case, I dissent from that portion of the majority opinion relating to the sentencing proceeding.