STATE OF NORTH CAROLINA v. CLYDE NEWTON

No. 859SC1310

(Filed 19 August 1986)

1. **Constitutional Law § 31— assault with deadly weapon—denial of experts—no error**

    There was no prejudicial error in a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury in the denial of defendant's motion for funds to hire a private investigator, a ballistics expert, and a medical expert where defendant stated that he needed a private investigator to make measurements of the scene in order to determine the location of the defendant, the victim, the gun, and a witness, but the trial court gave defense counsel access to the premises so he could make the measurements himself; and defendant requested a medical expert and ballistics expert in order to refute testimony that the victim was shot with a twelve-gauge shotgun at point-blank range, but defense counsel could educate himself on the likely effects of a point-blank gunshot to adequately cross-examine the State's witnesses. N.C.G.S. § 7A-454, N.C.G.S. § 7A-450(b).

2. **Criminal Law § 98.1— emotional outburst of the victim—no mistrial—no error**

    The trial court did not err in a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury by denying defendant's motion for a mistrial due to emotional outbursts and contrary answers from the victim during defendant's testimony. The record did not indicate the specific nature of the disturbance during trial and nothing in the record suggested that the trial court abused its discretion.

3. **Criminal Law § 138.21— assault—not especially heinous, atrocious or cruel**

    The evidence was insufficient to show that an assault was especially heinous, atrocious or cruel where defendant repeatedly struck his wife in the presence of their daughter, told her to kiss him goodbye, and refused to get help after shooting her with a twelve-gauge shotgun. N.C.G.S. § 15A-1340.4(a)(1).

4. **Criminal Law § 138.24— aggravating factor—physical infirmity—evidence insufficient**

    The trial court erred when sentencing defendant for assault with a deadly weapon inflicting serious injury by finding the victim's physical infirmity as an aggravating factor where the victim had previously lost a foot in an accident, walked using a brace, and was overweight. The evidence did not suggest that the victim's handicap increased the likelihood that she would be dragged out of

State v. Newton

bed and shot by a twelve-gauge shotgun and her doctor testified that her weight enabled her to survive the injury.

**5. Criminal Law § 138.26— aggravating factor—great monetary loss**

The trial court properly found damage causing great monetary loss as an aggravating factor when sentencing defendant for assault based on the economic impact of medical expenses on the victim. N.C.G.S. § 15A-1340.4(a)(1)(m).

**6. Criminal Law § 138.7— assault—sentencing—defendant not denied the right to make a statement**

Defendant was not denied the opportunity permitted by N.C.G.S. § 15A-1334 (1983) to make a statement in his own behalf during sentencing where he made a statement at the sentencing hearing and was only denied the opportunity to speak during a post-trial motion.

Judge ARNOLD concurring in part and dissenting in part.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 22 July 1985 in Superior Court, VANCE County. Heard in the Court of Appeals 3 June 1986.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Francis W. Crawley, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Leland Q. Towns, for defendant appellant.*

BECTON, Judge.

From a judgment imposing the twenty-year maximum sentence following his conviction of assault with a deadly weapon with intent to kill inflicting serious injury, defendant appeals seeking a new trial, or at least a new sentencing hearing.

Defendant contends he is entitled to a new trial because the trial court (a) refused to grant him funds to hire an investigator and expert witnesses; and (b) refused to grant a mistrial due to the emotional outburts of the victim during defendant's testimony. Alternatively, defendant contends he is entitled to a new sentencing hearing because the trial court erroneously found as aggravating factors (a) that the offense was especially heinous, atrocious, or cruel; (b) that the victim was physically infirm; and (c) that the offense involved damage causing great monetary loss. Finally, defendant contends that he was denied the right to speak in his own behalf at the sentencing hearing.

We find no error in the trial, but we remand for a new sentencing hearing because the trial judge erred in finding the three aggravating factors. There was no denial of defendant's right to speak at the sentencing hearing.

I

The evidence presented by the State and accepted by the jury showed the following. Defendant, Clyde Newton, was married to the victim, Shirley Newton. During the afternoon on the day of the shooting at a store operated by the Newtons, defendant held a loaded pistol to Mrs. Newton's head and told her he was going to kill her.

Later that night at the Newton home, defendant slapped and beat his wife as she lay on her bed. He then threw her across the end of the bed, choked her, and continued to slap her. Defendant then dragged his wife into the den, got his shotgun from the living room, threw her into a chair and placed the barrel of the shotgun against her stomach. Defendant told his wife to kiss him goodbye. When she refused, he pulled the trigger at point-blank range. Defendant would not assist her, but she was eventually able to telephone for help.

Defendant testified that he picked up his shotgun in the den where he had placed it after a hunting trip and pulled the lever to see if it was loaded. The gun discharged and fell onto the floor. Defendant maintained that he was some distance away from his wife when it discharged, that the shooting was an accident, and that he never told Mrs. Newton to kiss him goodbye or hit her.

II

[1] Defendant first contends the trial court committed prejudicial error in refusing to grant his motion for funds to hire a private investigator, a ballistics expert, and a medical expert. N.C. Gen. Stat. Sec. 7A-454 (1981) provides that the court, in its discretion, may approve a fee for the service of an expert who testifies for an indigent person. Further, under N.C. Gen. Stat. Sec. 7A-450(b) (1981), the State must provide the indigent defendant with necessary expenses of representation. *See also State v. Tatum*, 291 N.C. 73, 299 S.E. 2d 562 (1976). However, there is no constitutional requirement that private investigators or experts always be made available, and these statutes require such assist-

ance "only upon a showing by defendant that there is a reasonable likelihood that it will materially assist the defendant in the preparation of his defense or that without such help it is probable that the defendant will not receive a fair trial." *State v. Gray*, 292 N.C. 270, 278, 233 S.E. 2d 905, 911 (1977).

Defendant stated that he needed a private investigator to make certain measurements of the scene in order to determine the location of the defendant, the victim, the gun, and the daughter who testified as a witness for the prosecution. A private investigator need not be provided when no unique skill is required or when there is no unduly burdensome time requirement that would prevent defense counsel from adequately conducting the investigation himself. *State v. Parton*, 303 N.C. 55, 277 S.E. 2d 410 (1981). In the case at bar, the trial court gave defense counsel access to the premises so he could make the measurements himself. No more is required on the facts of this case. Furthermore, defendant has failed to demonstrate that a private investigator could materially assist in the preparation of the defense.

Defendant also contends the trial judge abused his discretion in denying his request for a medical expert and a ballistics expert. The State presented testimony that Mrs. Newton was shot with a twelve-gauge shotgun at point-blank range. The defendant requested experts in order to refute this testimony arguing that the powder burns on Mrs. Newton's body were inconclusive and that Mrs. Newton would not have survived had she been shot at point-blank range. The State is not required to furnish a defendant with a particular service merely because the service may be of some benefit. *Parton, Ross v. Moffitt*, 417 U.S. 600, 41 L.Ed. 2d 341, 94 S.Ct. 2437 (1974). In *Gray*, defendant made no showing of the necessity of appointing an expert in serology to cross-examine the State's expert, a chemist, and the court noted, "There are usually other methods by which defense counsel himself, without the use of investigators or experts, can uncover information or educate himself regarding a particular scientific discipline." Defense counsel could educate himself on the likely effects of a point-blank gunshot to adequately cross-examine the State's witness.

### III

[2]  Defendant next argues that the trial court erred in denying
the motion for a mistrial due to emotional outbursts and contrary
answers of Mrs. Newton during the defendant's testimony. N.C.
Gen. Stat. Sec. 15A-1061 (1983) provides in part that the judge
may declare a mistrial if conduct inside or outside the courtroom
results in substantial and irreparable prejudice to the defendant's
case. Not every disruptive event occurring during the trial auto-
matically requires the court to declare a mistrial. *State v. Dais*,
22 N.C. App. 379, 209 S.E. 2d 759, *cert. denied*, 285 N.C. 664, 207
S.E. 2d 758 (1974). The record does not indicate the specific
nature of the disturbance during the trial. As this Court ex-
plained in *State v. Sorrells*, 33 N.C. App. 374, 377, 235 S.E. 2d 70,
72, *cert. denied*, 293 N.C. 257, 237 S.E. 2d 539 (1977):

> On appeal, the decision of the trial judge in this regard is en-
> titled to the greatest respect. He is present while the events
> unfold and is in a position to know far better than the
> printed record can ever reflect, just how far the jury may
> have been influenced by the events occurring during the trial
> and whether it has been possible to erase the prejudicial ef-
> fect of some emotional outburst. Therefore, unless his ruling
> is so clearly erroneous so as to amount to a manifest abuse of
> discretion, it will not be disturbed on appeal.

Nothing in the record before us suggests that the trial court
abused its discretion, and its ruling will not be disturbed on ap-
peal.

### IV

We turn now to defendant's challenges to the aggravating
factors found at the sentencing hearing. We note initially that the
trial court must find each aggravating factor by a preponderance
of the evidence. N.C. Gen. Stat. Sec. 15A-1340.4(a) (1983).

### A

[3]  Defendant contends the evidence was insufficient to show
that the crime was especially heinous, atrocious, or cruel. The
standard is "whether the facts of the case disclose excessive
brutality, or physical pain, psychological suffering, or dehumaniz-
ing aspects *not normally present in that offense*," *State v. Black-*

*welder*, 309 N.C. 410, 414, 306 S.E. 2d 783, 786 (1983) (emphasis in the original). Whether an offense is especially heinous, atrocious, or cruel depends upon a comparison of the facts of the case with those normally attributable to other like offenses. *State v. Atkins*, 311 N.C. 272, 316 S.E. 2d 306 (1984). The use of the word "especially" by the general assembly was not merely tautological. *State v. Medlin*, 62 N.C. App. 251, 302 S.E. 2d 483 (1983).

The State contends that defendant's acts of repeatedly striking his wife in the presence of their daughter, telling her to kiss him goodbye, and his refusal to get help for his injured wife indicate excessive violence and psychological suffering. Although these acts are brutal, we cannot say they represent brutality beyond that found in other assaults with a deadly weapon with intent to kill inflicting serious injury. Evidence necessary to prove elements of the offense cannot be used to prove any aggravating factor. G.S. Sec. 15A-1340.4(a)(1). Defendant's acts of hitting and choking his wife and the shooting were used to prove the offense. The evidence that defendant said "kiss me goodbye" and told the victim he would kill her prior to the shooting is insufficient to sustain a finding of the aggravating factor. *See State v.Thompson*, 66 N.C. App. 679, 312 S.E. 2d 212 (1984) (defendant twice telling victim he intended to kill him prior to the shooting was not so unusual in connection with assault with a deadly weapon inflicting serious injury to establish the offense was especially atrocious). Nor is the evidence of Mrs. Newton's extensive medical treatment and hospitalization so unusual in connection with this type of assault to justify applying the factor. Serious injury is an element of this offense and may not be used to prove the aggravating factor. *State v. Hammonds*, 61 N.C. App. 615, 301 S.E. 2d 457 (1983).

In short, the trial court erred in finding that the offense was especially heinous, atrocious or cruel.

B

[4] We also reject the trial court's finding that Mrs. Newton's physical infirmity was an aggravating factor. Although G.S. 15A-1340.4(a)(1)(j) provides that extreme youth, old age, or physical infirmity may be found to be an aggravating factor, this factor should not be found unless it appears the defendant took advantage of the victim's relative helplessness to commit the crime or

that age or infirmity increased the resultant harm. *State v. Rivers*, 64 N.C. App. 554, 307 S.E. 2d 588 (1983). The State argues that because Mrs. Newton previously lost her foot in an accident, walked using a brace, and was overweight, she was less able to flee or fend off the attack. In *Rivers* we held this factor was improperly found when defendant did not take advantage of the victim's advanced age and helplessness when he shot him with a .22 rifle. The evidence does not suggest Mrs. Newton's handicap increased the likelihood she would be dragged out of bed and shot by a twelve-gauge shotgun. The consequences of the injury were less severe rather than worsened because she was overweight. Mrs. Newton's doctor testified her weight enabled her to survive the injury.

## C

[5] Next, defendant contends that the trial court improperly found "damage causing great monetary loss" as an aggravating factor justifying an increased sentence. Defendant argues that G.S. 15A-1340.4(a)(1)(m) should not apply to the economic impact of medical expenses on the victim when evidence of infliction of serious injury is already an element of the offense. This issue is presently before the Supreme Court after a split decision in *State v. Bryant*, 80 N.C. App. 63, 341 S.E. 2d 358 (1986) (Eagles, J., dissenting); *see also State v. Sowell*, 80 N.C. App. 465, 342 S.E. 2d 541 (1986) (Becton, J., dissenting). Although Judge Eagles' analysis in his dissent in *Bryant* is well-reasoned, we are bound by the majority opinion in *Bryant*. Consequently, we are compelled to find no error in the trial court's finding of "damage causing great monetary loss." On remand, the trial court may have the benefit of a Supreme Court ruling in *Bryant* or *Sowell* finally resolving this issue.

## D

[6] Defendant's final contention, that he was denied the opportunity permitted by N.C. Gen. Stat. Sec. 15A-1334 (1983) to make a statement in his own behalf during his sentencing hearing, is without merit. Defendant made a statement at his sentencing hearing, and was only denied the opportunity to speak during the post-trial motion after the sentence was imposed.

## V

For the reasons set forth above, we find no error at trial, but remand for a new sentencing hearing.

Judge ARNOLD concurs in part and dissents in part.

Judge WELLS concurs.

Judge ARNOLD concurring in part and dissenting in part.

I dissent only to the majority's holding that it was error to find that the offense here was especially heinous, atrocious and cruel. Under the standard set out in *State v. Blackwelder*, 309 N.C. 410, 306 S.E. 2d 783 (1983), I would find no error in the trial court's finding that the crime was especially heinous, atrocious and cruel.