ELMORE, Judge.
Billy Wayne Murchison (defendant) was charged with possession with intent to sell or deliver a controlled substance and sale of a controlled substance. The State's evidence tended to show that on 8 January 2003, Officers Kyle John Odell and Robert J. Wise of the Mecklenburg Police Department were participating in an undercover operation at Piedmont Courts Housing Projects. The goal of the operation was to buy drugs from dealers, make an identification and then arrest the dealers at a later date. At approximately 2:00 p.m., Officer Odell was driving down Willis Street in an unmarked vehicle when he was flagged down by a man, later identified as defendant. Officer Odell asked defendant for $20.00 worth of cocaine and defendant told him to drive over to a store fifty yards away. Officer Odell informed the other members of the operation via radio that he had arranged to purchase cocaine from defendant at the backside of the store. Officer Odell also gave a description of defendant. Officer Wise subsequently pulled within 200 yards of the store.
Defendant approached Officer Odell, who gave defendant a twenty dollar bill in exchange for two small rocks of crack cocaine. After Officer Odell drove away, he notified the other members of the operation that the transaction was complete. Officer Wise confronted defendant in the store. Defendant told Officer Wise his name. Officer Wise testified at trial that defendant provided "jail release papers" to confirm his identity. After the trial court denied defendant's motion for a mistrial, the court instructed the jury to disregard the description of the papers. Officer Wise subsequently showed a picture of defendant to Officer Odell, who identified defendant as the person who sold him crack cocaine. Defendant did not present any evidence.
A jury found defendant guilty as charged. The trial court sentenced defendant to twenty-nine to thirty-five months imprisonment. Defendant appeals.
Defendant contends the trial court erred by denying his motion for a mistrial after the State placed highly prejudicial information before the jury during the State's examination of Officer Wise. Specifically, defendant takes issue with the following colloquy between the prosecutor and Officer Wise: Q. You said he did; he was able to produce an ID for you?
A. No, sir. He actually did not have identification on his person. He did tell me his name. . .
He came out of the store; advised me he had some paper work. Mr. Murchinson actually had some jail release papers that confirmed that all the information he gave was correct.
MR. OSHO [Defense Counsel]: OBJECTION, Your Honor. May we approach, Your Honor?
THE COURT: All right.
Out of the presence of the jury, defense counsel moved for a mistrial and asserted that the information regarding "jail paperwork" was not pertinent to the case and would prejudice the jury against defendant. The trial court replied that it would deny the motion, but would "give the jury a curative instruction about the unsolicited comment from the witness." Upon the jury's return, the trial court instructed the jury:
Members of the jury, the testimony presented that indicated a certain type of description of papers, referred to by the witness, is not proper for your consideration. And, therefore, you are to strike that testimony from your mind and memory and not consider the type or the place that these papers might have come from. It's not relevant. It's not proper, for your consideration.
Therefore, you are to strike it from your minds and memory.
Would you, by show of hands, indicate that you can follow the Court's instructions?
. . .
Thank you. Regarding not considering that. Appreciate a show of hands. And, you have so indicated by each of you raising a hand.
"The judge must declare a mistrial upon the defendant's motion if there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, resulting in substantial and irreparable prejudice to the defendant's case." N.C. Gen. Stat. § 15A-1061 (2003). "Whether a motion for mistrial should be granted . . . rests in the sound discretion of the trial judge, and a mistrial is appropriate only when there are such serious improprieties as would make it impossible to attain a fair and impartial verdict under the law." State v. Calloway, 305 N.C. 747, 754, 291 S.E.2d 622, 627 (1982) (citations omitted). Unless the trial court's ruling is so clearly erroneous so as to amount to a manifest abuse of discretion, it will not be disturbed on appeal. State v. Newton, 82 N.C. App. 555, 559, 347 S.E.2d 81, 84 (1986), disc. review denied, 318 N.C. 699, 351 S.E.2d 756-57 (1987).
Here, the trial court sustained defendant's objection and gave a curative instruction. "[J]urors are presumed to heed a trial judge's instructions." State v. Rogers, 355 N.C. 420, 453, 562 S.E.2d 859, 880 (2002). Defendant made no showing that the jury failed to follow the instructions of the trial court and did not disregard the testimony of Officer Wise as ordered. Accordingly, the trial court did not abuse its discretion by not declaring a mistrial.
No error.
Judges HUNTER and STEELMAN concur.
Report per Rule 30(e).