STATE OF NORTH CAROLINA v. MICHAEL R. MASSEY

No. 8221SC938

(Filed 3 May 1983)

1. **Criminal Law § 138— aggravating factor—heinous, atrocious or cruel crime—insufficient evidence**

   In imposing a sentence for attempted first degree burglary, the trial court erred in finding as an aggravating factor that the crime was especially heinous, atrocious or cruel on the basis of defendant's action in "going over there at that lady's house and knocking the door in at 11:30 at night."

2. **Criminal Law § 138— aggravating factor—prior conviction—representation by counsel**

   The trial court erred in finding as an aggravating factor that defendant had a prior conviction for a criminal offense punishable by more than 60 days' confinement where there was no evidence as to whether defendant was indigent at the time of the prior conviction and, if so, whether he was represented by counsel.

3. **Criminal Law § 138— aggravating factor—association with motorcycle gang which dealt in drugs**

   In imposing a sentence for attempted first degree burglary, the trial court erred in finding as an aggravating factor that defendant associated with members of a motorcycle gang who had dealt in drugs.

4. **Criminal Law § 138— attempted first degree burglary—aggravating factor—use of shotgun for revenge**

   In imposing a sentence for attempted first degree burglary pursuant to defendant's conviction upon an indictment alleging the nighttime breaking and entering of an occupied apartment with the intent to commit the felony of assaulting two males with a shotgun with intent to kill, the trial court erred in finding as an aggravating factor that defendant went to the apartment in question with a shotgun for the purpose of revenge since evidence of such factor was an essential part of the State's proof of the offense charged. G.S. 15A-1340.4(a)(1).

Chief Judge VAUGHN dissenting.

APPEAL by defendant from *Wood, Judge.* Judgment entered 6 May 1982 in Superior Court, FORSYTH County. Heard in the Court of Appeals 9 March 1983.

Defendant was tried on charges of first degree burglary, second degree murder, and assault with a deadly weapon with intent to kill resulting in serious injury. The State presented evidence that on the night of 29 November 1981 defendant was present in an apartment with a group of friends when Regina Deadmon complained that she had been raped the previous evening by two black men who stole her money and drugs. Subsequently, five people, including the defendant, left the apartment in Miss Deadmon's car to find the alleged rapists and recover the money and drugs. Two of the members of the group were armed with a sawed-off shotgun and a baseball bat. At approximately 11:00 p.m. they arrived at the apartment of Alena Gibbs and unsuccessfully tried to gain entry through the back door by banging on the door with the baseball bat. Upon being assured by Mrs. Gibbs that the two men they sought were not in her apartment, they left to continue their search. After travelling a short while, the group happened upon Donald Burns, a black man, and Miss Deadmon wounded him with a gun shot. They subsequently saw another black man on the same street, and Miss Deadmon shot and killed this individual.

Defendant admitted his presence during the events of 29 November as presented by the State. He denied any active participation or any intent to commit a crime.

The trial judge submitted to the jury the offenses of attempted first degree burglary, second degree murder and assault with a deadly weapon with intent to kill resulting in serious injury. The jury returned verdicts of guilty of the attempted burglary and not guilty of all other offenses. Following a hearing pursuant to the Fair Sentencing Act and imposition of a prison sentence of ten years, defendant appeals.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General John F. Maddrey, for the State.*

*Habegger and Johnson, by Daniel S. Johnson, for defendant appellant.*

EAGLES, Judge.

Defendant argues that the trial court abused its discretion in finding that the factors in aggravation outweigh the factors in

mitigation and imposing the maximum sentence of ten years for the Class H felony, the presumptive sentence for which is three years.

Pursuant to G.S. 15A-1340.4(a)(1), the trial court found the following facts in aggravation:

6. The offense was especially heinous, atrocious, or cruel.

15. The defendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days' confinement.

16. Additional written findings of factors in aggravation.

   a. The defendant on his own admission was associated with people who was (sic) members of a motorcycle gang, who had had records for dealing in drugs.

   b. The defendant conspired with others to commit the crime.

   c. That the defendant went there with a baseball bat, and shotgun, and went over to do revenge.

   d. That [although] the defendant was not charged with conspiracy, there was strong evidence of a conspiracy . . . with others, who were sentenced to life sentences for 1st Degree murder [and who] went there for the purpose of recovering drugs and money taken from Regina Deadmon.

The following factor was found in mitigation:

3. The defendant was a passive participant or played a minor role in the commission of the offense.

[1] Defendant first argues that the trial judge erred in finding that the crime was especially heinous, atrocious or cruel. At the sentencing hearing, the trial judge stated that he based his findings of this factor of aggravation upon the defendant's action of "going over there at that lady's house and knocking the door in at 11:30 at night . . . ." We agree with the defendant that this circumstance falls far short of the "excessive brutality" or "conscienceless, pitiless or unnecessarily tortuous" [sic] conduct necessary to categorize a crime as heinous, atrocious or cruel.

*See, State v. Ahearn,* 307 N.C. 584, 599, 300 S.E. 2d 689, 698 (1983), quoting *State v. Pinch,* 306 N.C. 1, 34, 292 S.E. 2d 203, 228 (1982).

[2] In the second finding of an aggravating factor, the record reveals that defense counsel stipulated that defendant had a prior conviction for a criminal offense punishable by more than 60 days' confinement, i.e., driving under the influence of an intoxicating beverage. However, there is no evidence as to whether the defendant was indigent at the time of this prior conviction and if so, whether he was represented by counsel. In the absence of this supporting evidence, the trial judge's finding of a prior conviction cannot be upheld. *See, State v. Thompson,* 60 N.C. App. 679, 300 S.E. 2d 29 (1983).

[3] We agree with the defendant that the trial judge erred in finding as an aggravating factor that the defendant associated with members of a motorcycle gang who had dealt in drugs. This finding of "culpability by association" bears no relation to the stated purposes of the Fair Sentencing Act. *See,* G.S. 15A-1340.3.

We also agree with defendant's argument that the trial judge violated the prohibition of G.S. 15A-1340.4(a)(1) against using the same item of evidence to prove more than one factor in aggravation. Two of the aggravating factors, set out at 16(b) and (d), are essentially restatements of each other, i.e., that defendant conspired with others in his participation in the events of the crime which took place on 29 November 1981.

[4] Error has also occurred in the trial judge's finding as an aggravating factor that "defendant went there with a . . . shotgun . . . to do revenge." G.S. 15A-1340.4(a)(1) mandates that "(e)vidence necessary to prove an element of the offense may not be used to prove any factor in aggravation . . . ." Defendant was indicted for first degree burglary, *i.e.,* the nighttime breaking and entering of an occupied apartment with the intent to commit the felony of "assault(ing) two black males with a deadly weapon, a shotgun, with intent to kill." Defendant was convicted of an attempt to commit this crime. Evidence that defendant traveled to the apartment in question with a shotgun for the purpose of revenge was an essential part of the State's proof of the charged offense.

Because of the errors committed in the sentencing phase of defendant's trial, the case is remanded for resentencing in accordance with this opinion.

Remanded for resentencing.

Judge WEBB concurs.

Chief Judge VAUGHN dissents.

Chief Judge VAUGHN dissenting.

I disagree with that portion of the opinion holding that the judge erred in finding the prior conviction as an aggravating factor. G.S. 15A-1340.4(e) provides that a prior conviction may be proved by stipulation or by the court record. Here, the prior conviction was proved by stipulation. Whether the defendant was afforded right to counsel is not an element of a "prior conviction." The statute merely provides that the prior conviction may not be used as an aggravating factor unless the defendant was afforded his right to counsel. It is just like any other evidence that is made inadmissible by statute or rule. If this defendant was not afforded right to counsel at his prior conviction, it was his duty to raise the issue in the trial court and not, for the first time, on appeal. The statute expressly so provides:

> A defendant may make a motion to suppress evidence of a prior conviction pursuant to Article 53 of this Chapter. If the motion is made for the first time during the sentencing stage of the criminal action, either the State or the defendant is entitled to a continuance of the sentencing hearing.

G.S. 15A-1340.4(e).

If defendant contends he was not afforded right to counsel, he raises a factual issue to be resolved in the trial court just as he does under Article 53 when he moves to suppress other evidence. The legislature very reasonably and expressly provided for the same procedures in Article 81A, the sentencing act we are now considering.

It may be that I could concur in some of the other matters discussed in the majority opinion. Instead, I elect to dissent to af-

ford the right of further review on the question raised in this dissent.