STATE OF NORTH CAROLINA v. DAVID MEDLIN

No. 8220SC1151

(Filed 17 May 1983)

**1. Criminal Law § 138— felonious assault—aggravating factor—especially heinous, atrocious or cruel crime—insufficient evidence**

In imposing a sentence for assault with a deadly weapon with intent to kill inflicting serious injury, the trial court erred in finding as an aggravating factor that the offense was especially heinous, atrocious or cruel based upon evidence that the crime was committed without provocation while the victim was on the ground, the victim was shot five times, and defendant fled the scene without rendering assistance to her, since the evidence did not reflect "excessive brutality" beyond that normally present in any assault with a deadly weapon with intent to kill inflicting serious injury.

**2. Criminal Law § 138— felonious assault—severe physical disability from crime—improper aggravating factor**

In imposing a sentence for assault with a deadly weapon with intent to kill inflicting serious injury, the trial court erred in finding as an aggravating factor that the victim suffered very severe physical disability from the crime since such factor does not relate to the character or conduct of the defendant. G.S. 15A-1340.3 and G.S. 14-318.4.

Judge EAGLES concurring.

APPEAL by defendant from *Morgan, Judge.* Judgment entered 13 August 1982 in UNION County Superior Court. Heard in the Court of Appeals 14 April 1983.

Defendant pled guilty to the felony of assault with a deadly weapon with intent to kill inflicting serious injury.

The evidence at defendant's sentencing hearing tended to show the following pertinent facts and circumstances.

On 1 May 1982, defendant went to a house belonging to the mother of his girl friend, Ms. Diana Nivens, the victim. Defendant found Ms. Nivens getting out of a car driven by Doug Huntly, a friend of Ms. Nivens of whom defendant was jealous. Defendant and Ms. Nivens went into Ms. Nivens' mother's house. An hour later, after visiting and arguing with Ms. Nivens, defendant dragged the victim from the house, and into the yard trying to convince her to leave with him. She resisted and defendant hit her in the eye, stated to her, "If I can't have you, ain't nobody going to have you," and shot her five times with a .22 caliber pistol.

The victim then heard defendant tell her daughter "I have killed your mother." Defendant got in his car and turned it around, got back out of the car and went to where the victim lay on the ground, partially picked up the victim, went to the front of his car and shot himself in the chest. Defendant then fled. He later turned himself in to the authorities and immediately after doing so fell face forward on the ground. Defendant was taken to the hospital and was found to have a serious injury. Defendant refused to talk with law enforcement officers at the hospital.

At the time of defendant's sentencing hearing, the victim was 30 years old. As a result of the shooting, she had sustained bullet wounds to the head, the ear, the neck, the chest and the hand. The bullet in her chest has not been removed. She was hospitalized for 10 weeks and thought she might need future operations. At the time of the hearing, Ms. Nivens' face remained partially paralyzed, she could not hear out of one ear, she was disabled to the extent that she could not drive a car, and would not be able to return to her work as a nurse's assistant for at least four more months. The victim's medical and hospital bills incurred as of the time of the hearing were in excess of $20,000.00.

The trial judge made findings of aggravating and mitigating factors and, finding that the factors in aggravation outweighed factors in mitigation, sentenced defendant to a term of imprisonment in excess of the statutory presumptive term. Defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Nonnie F. Midgette, for the State.*

*Harry B. Crow, Jr., for the defendant.*

WELLS, Judge.

Defendant having been given a sentence in excess of the presumptive term, his appeal is as a matter of right. G.S. 15A-1444(al). On such an appeal, the only question before the appellate court is whether the sentence is supported by the evidence presented at trial and the sentencing hearing. *Id.* The factors found must be supported by a preponderance of the evidence. G.S. 15A-1340.4(a).

The trial judge found two factors in aggravation: (1) "that the offense was especially heinous, atrocious, or cruel in that it was done without provocation while the victim was on the ground; that the victim was shot five times; and that defendant fled the scene without rendering assistance to her;" and, (2) "that the victim suffered very severe physical disability from this crime." As a mitigating factor, the trial judge found that defendant had no prior criminal record of convictions of offenses punishable by more than 60 days imprisonment.

[1] We first consider whether the trial court correctly found that the offense was especially heinous, atrocious or cruel. To begin our discussion and analysis, we recognize that *any* assault with a deadly weapon with intent to kill inflicting serious injury falls within that classification of offenses which are *mala in se*; thus, such an assault has inherent characteristics of depravity of mind. Heinous, atrocious and cruel are terms, words, or expressions which are significantly synonymous, all reflecting the underlying characteristic of depravity. It must, therefore, be assumed that in setting the presumptive sentence, the General Assembly understood the depraved nature of such an assault; and that in allowing evidence of these inherent characteristics of the offense to be used as a factor in aggravation in sentencing, the legislative intent was that the question be narrowed to whether assault was especially heinous, atrocious or cruel; and further, that the use of the word, "especially" was not merely tautological. Our Supreme Court has articulated these principles, in a capital homicide case, *State v. Goodman,* 298 N.C. 1, 257 S.E. 2d 569 (1979), as follows:

> While we recognize that every murder is, at least arguably, heinous, atrocious, and cruel, we do not believe that this subsection is intended to apply to every homicide. By using the word "especially" the legislature indicated that there must be evidence that the brutality involved in the murder in question must exceed that normally present in any killing before the jury would be instructed upon this subsection. (Cites omitted.)

*See also State v. Johnson,* 298 N.C. 47, 257 S.E. 2d 597 (1979); *State v. Hamlette,* 302 N.C. 490, 276 S.E. 2d 338 (1981); *State v. Pinch,* 306 N.C. 1, 292 S.E. 2d 203 (1982); and *State v. Ahearn,* --- N.C. ---, 300 S.E. 2d 689 (1983).

While we are loath to reach such result, we are persuaded that the evidence in this case did not reflect the requirement of "excessive brutality," beyond that normally present in any assault with a deadly weapon with intent to kill inflicting serious injury, and that the trial court erred in finding this factor in aggravation.

[2] We now consider whether the trial judge properly found as an additional factor in aggravation "that the victim suffered very severe physical disability."

Factors in aggravation other than the statutorily enumerated factors, if proven by a preponderance of the evidence and reasonably related to the purposes of sentencing, may be considered by the sentencing judge. Facts that are both transactionally related to the offense and reasonably related to the purposes of sentencing, if not facts used to establish elements of an offense the defendant has pled guilty to or been convicted of, must be considered by the sentencing judge. *State v. Melton*, 307 N.C. 370, 298 S.E. 2d 673 (1983).

G.S. 15A-1340.3 provides that

The primary purposes of sentencing a person convicted of a crime are to impose a punishment commensurate with the injury the offense has caused, taking into account factors that may diminish or increase the offender's culpability; to protect the public by restraining offenders; to assist the offender toward rehabilitation and restoration to the community as a lawful citizen; and to provide a general deterrent to criminal behavior.

Our Supreme Court in *State v. Ahearn, supra,* and *State v. Chatman*, 308 N.C. 169, 301 S.E. 2d 71 (1983) has put significant limitations on what factors trial judges may find and use to enhance a criminal defendant's sentence. Writing for the Court in *Ahearn*, Justice Meyer stated that

The Fair Sentencing Act is an attempt to strike a balance between the inflexibility of a presumptive sentence which insures that punishment is commensurate with the crime, without regard to the nature of the offender; and the flexibility of permitting punishment to be adapted, when ap-

propriate, to the particular offender. Presumptive sentences established for every felony provide certainty.

In *Chatman*, the Court relied on the foregoing portion of *Ahearn*. The defendant in *Chatman* had been given a sentence in excess of the presumptive term upon his conviction for first degree burglary. The trial judge found statutorily enumerated factors in aggravation and also made "additional written findings of factors in aggravation" including

  c. The defendant is a dangerous sex offender whose history makes it necessary to segregate him for an extended term from the public for its safety and protection.

  d. The sentence pronounced by the court is necessary to deter others from committing the same crime.

  e. A lesser sentence than that pronounced by the court will unduly depreciate the seriousness of the defendants [sic] crime.

The Court held that the finding that the defendant is a dangerous sex offender was reasonably related to a legitimate purpose of sentencing, *i.e.*, protecting the public, and that a defendant's dangerousness to others may be considered as an aggravating factor, citing *State v. Ahearn*. With regard to factors d. and e. found by the trial judge, the Supreme Court held that they were erroneously found, stating:

> Judge Albright erred in finding as factors in aggravation that the sentence was necessary to deter others, and that a lesser sentence would unduly depreciate the seriousness of the crime. These two factors fall within the exclusive realm of the legislature and were presumably considered in determining the presumptive sentence for this offense. While both factors serve as legitimate purposes for imposing an active sentence, neither may form the basis for increasing or decreasing a presumptive term because neither relates to *the character or conduct of the offender. See State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983).

*State v. Chatman, supra* (emphasis in original).

  We believe that the question raised by the trial court's use of the factor in aggravation "that the victim suffered very severe

physical disability" in the present case presents a question analogous to that addressed by the Supreme Court in *Chatman*. Like the "necessary to deter" and "seriousness of the crime" factors found in *Chatman*, the "resulting disability to the victim" factor in the present case does not relate to the character or conduct of the defendant.

To further illustrate and support our impression of the legislative intent at issue here, we invite attention to the provisions of G.S. 14-318.4:

§ 14-318.4. *Child abuse a felony.* —

(a) Any parent of a child less than 16 years of age, or any other person providing care to or supervision of the child who intentionally inflicts any serious physical injury which results in:

(1) Permanent disfigurement, or

(2) Bone fracture, or

(3) Substantial impairment of physical health, or

(4) Substantial impairment of the function of any organ, limb, or appendage of such child, is guilty of a Class I felony.

. . .

The presumptive sentence for a Class I felony is two years. The General Assembly, in classifying the offense described in G.S. 14-318.4, required consideration of the nature and results of the *injury inflicted*. In classifying the offense with which defendant in this case was charged, the General Assembly chose not to require consideration of the *injury inflicted* beyond the requirement that such injury be "serious." We, therefore, must assume the trial judge in this case was without authority to consider evidence as to the nature of and results of the injuries to Ms. Nivens as a factor in aggravation.

For the reasons stated, the sentence imposed in this case must be vacated and the case must be remanded for re-sentencing.

Vacated and remanded.

Judge BECTON concurs.

Judge EAGLES concurs separately.

Judge EAGLES concurring.

I concur but would limit treatment of the second aggravating factor to a statement that it was inappropriate because the "very severe physical disability" was proven by evidence necessary to prove an element of the charged offense, assault with a deadly weapon with intent to kill *inflicting serious injury.*