STATE OF NORTH CAROLINA v. EVELYN GRACE HENSLEY VAUGHT

No. 8517SC1078

(Filed 6 May 1986)

1. **Assault and Battery § 14.4; Burglary and Unlawful Breakings § 5.5— felonious assault—breaking or entering—sufficiency of evidence**

   The State's evidence was sufficient to support defendant's convictions of assault with a deadly weapon inflicting serious injury and breaking or entering where it tended to show that defendant knocked on the front door of the victim's home, thrust a poinsettia at the victim when she opened the door and

then shot her four times with a .22 caliber pistol, and that the victim saw defendant's hand inside her front door.

**2. Criminal Law § 138.21— felonious assault—especially heinous, atrocious or cruel—insufficient evidence**

Evidence that defendant went to the victim's house and shot her four times, leaving her seriously wounded, was insufficient to support the court's finding as an aggravating factor that the assault was especially heinous, atrocious or cruel. N.C.G.S. § 15A-1340.4(a)(1)f.

**3. Criminal Law § 138.24— felonious assault—infirmity of victim improper aggravating factor**

The trial court erred in finding as an aggravating factor for felonious assault that the victim was infirm where the evidence showed that the victim was wearing a heavy cast from her toes to her knee and could walk only with the assistance of crutches, that defendant shot the victim four times after she opened her front door, and that she would have had no opportunity without the cast to escape. N.C.G.S. § 15A-1340.4(a)(1)j.

**4. Criminal Law § 138.29— felonious assault—threat to others improper aggravating factor**

The trial court erred in finding as a nonstatutory aggravating factor for felonious assault that defendant poses a dangerous threat to others where there was no evidence that defendant poses a greater threat to the public than any other defendant convicted of this offense.

Judge PARKER concurring in result.

APPEAL by defendant from *Hight, Judge.* Judgment entered 14 June 1985 in Superior Court, STOKES County. Heard in the Court of Appeals 5 February 1986.

The defendant was tried for assault with a deadly weapon with intent to kill inflicting serious injury and for breaking or entering. The State's evidence at trial tended to show that the defendant was involved in a romantic relationship with Pettyjohn. Pettyjohn ended that relationship in December 1983 and began a relationship with the victim, Shirley Slater. The defendant continued to communicate with Pettyjohn and the victim through numerous phone calls and other contacts. Pettyjohn did not return the defendant's phone calls.

On 5 December 1984 the victim was awakened in her home in King, North Carolina at approximately 7:30 a.m. by a visitor holding a poinsettia outside her door. Thinking this was a floral delivery she opened the door. When she was handed the plant the victim realized that her visitor was defendant whom she had met

and had seen on several occasions. Defendant then shot the victim four times with a .22 caliber pistol. The victim testified that she was absolutely certain that defendant was her assailant.

Defendant presented evidence of an alibi. She was found guilty as charged and sentenced to 20 years for the assault charge and ten years for breaking or entering. The defendant appealed.

*Attorney General Lacy H. Thornburg, by Associate Attorney General K. D. Sturgis, for the State.*

*Greeson and Page, by Michael R. Greeson, Jr., for defendant appellant.*

HEDRICK, Chief Judge.

[1] In her first assignment of error defendant argues that the trial court erroneously denied her motions to dismiss at the close of the State's evidence and at the close of all the evidence. The State presented unequivocal eyewitness testimony showing that defendant went to the victim's home, knocked on the front door, thrust a poinsettia at the victim and then shot her four times with a .22 caliber pistol. The eyewitness also testified that she saw defendant's hand inside her front door. This evidence is clearly sufficient to permit a rational jury to find defendant guilty beyond a reasonable doubt of assault with a deadly weapon inflicting serious injury and of breaking or entering. The trial court properly denied defendant's motions to dismiss.

Defendant's assignments of error 3 through 12, based upon exceptions 1-13, 17-19, 21-22, 26, 28-31 and 37 relate to the admission and exclusion of evidence. We have carefully examined each of these assignments of error and the exceptions upon which they are purportedly based, and we find no error in the admission or exclusion of any evidence challenged by these exceptions.

We hold that defendant had a fair trial free of prejudicial error.

Defendant next contends that the trial court erred in finding three factors in aggravation at sentencing: that the offense was

especially heinous, atrocious or cruel, that the victim was physically infirm, and that defendant poses a dangerous threat to others.

[2]   Defendant first argues that the facts of this case reveal nothing not normally present in the offense of assault with a deadly weapon with intent to kill inflicting serious injury which would support the court's finding that this crime was especially heinous, atrocious or cruel under G.S. 15A-1340.4(a)(1)f. We agree.

As this Court stated in *State v. Medlin*, 62 N.C. App. 251, 253, 302 S.E. 2d 483, 485 (1983):

> [W]e recognize that *any* assault with a deadly weapon with intent to kill inflicting serious injury falls within that classification of offenses which are *mala in se*; thus, such an assault has inherent characteristics of depravity of mind. Heinous, atrocious and cruel are terms, words, or expressions which are significantly synonymous, all reflecting the underlying characteristic of depravity. It must, therefore, be assumed that in setting the presumptive sentence, the General Assembly understood the depraved nature of such an assault; and that in allowing evidence of these inherent characteristics of the offense to be used as a factor in aggravation in sentencing, the legislative intent was that the question be narrowed to whether assault was especially heinous, atrocious or cruel; and further, that the use of the word, "especially" was not merely tautological. (Emphasis in original.)

The Court in *Medlin* held that evidence that the defendant, without provocation, shot the victim five times with a .22 caliber pistol and fled without rendering her assistance was not sufficient to permit the trial court to find that the crime was especially heinous, atrocious or cruel. The Court noted that the evidence in that case did not reflect the requirement of excessive brutality beyond that present in any assault with a deadly weapon with intent to kill inflicting serious injury. In the present case the evidence shows that defendant, without provocation, went to the victim's house and shot her four times with a .22 caliber pistol, leaving her seriously wounded. We believe this evidence was not sufficient under *Medlin* to support the court's finding that the assault was especially heinous, atrocious or cruel.

[3] Defendant next argues that there was insufficient evidence to support the court's finding that the victim was infirm under G.S. 15A-1340.4(a)(1)j. The cases discussing this factor indicate that where the victim's physical or mental condition did not render him or her more vulnerable than the average person to the crime in question this factor may not be found in aggravation. *See State v. Higson*, 310 N.C. 418, 312 S.E. 2d 437 (1984); *State v. Lewis*, 68 N.C. App. 575, 315 S.E. 2d 766, *review denied,* 312 N.C. 87, 321 S.E. 2d 904 (1984). In the present case the evidence shows that at the time of the offense the victim was wearing a heavy cast from her toes to her knee and could walk only with the assistance of crutches. The evidence also indicated that immediately after the victim opened her front door defendant shot her four times and that she had no opportunity, with or without a cast, to escape. The trial court improperly found that the victim was infirm.

[4] Finally, defendant argues that the court erroneously found as an aggravating factor that defendant poses a dangerous threat to others. This factor is not among those enumerated in the Fair Sentencing Act. G.S. 15A-1340.4(a) states in part that "[i]n imposing a prison term, the judge . . . may consider any aggravating and mitigating factors that he finds are proved by a preponderance of the evidence, and that are reasonably related to the purposes of sentencing, whether or not such aggravating or mitigating factors are set forth herein . . . ." One of the purposes of sentencing is "to protect the public by restraining offenders." G.S. 15A-1340.3. However, we must assume that in setting the presumptive sentence the General Assembly was aware that a person convicted of assault with a deadly weapon with intent to kill inflicting serious injury is a person who is dangerous to others. There was no evidence presented that defendant in this case poses a greater threat to the public than any other defendant convicted of this offense. The trial court erred in finding this factor in aggravation. The case must be remanded for sentencing.

No error in trial, remanded for sentencing.

Judge WEBB concurs.

Judge PARKER concurs in the result.

Judge PARKER concurring in result.

I concur in the result only based on footnote one to *State v. Blackwelder*, 309 N.C. 410, 306 S.E. 2d 783 (1983). In the instant case, the victim was shot four times at close range. The victim received two wounds in the heart, one in the neck and one in the back. One of the bullets that entered her heart, passed through her stomach and lodged in her colon. "When proof of one act constituting an offense is sufficient to sustain a defendant's conviction, multiple acts of the same offense are relevant to the question of sentencing, including whether the offense charged was especially heinous, atrocious or cruel." *Blackwelder*, at 413, n. 1, 306 S.E. 2d at 786, n. 1.

Additionally, the victim did not receive medical attention for approximately two and a half hours. As the result of the gunshot wound to the heart, the victim has a permanent heart condition. Another one of the shots resulted in paralysis of one arm.

Applying the standard stated in *State v. Medlin*, 62 N.C. App. 251, 302 S.E. 2d 483 (1983), which was approved by the Supreme Court in *Blackwelder*, to the facts of the case *sub judice*, I am of the opinion that the trial court did not err in finding as an aggravating fact that the crime was especially heinous, atrocious or cruel.