STATE OF NORTH CAROLINA v. EVELYN GRACE HENSLEY VAUGHT

No. 351PA86

(Filed 4 November 1986)

1. **Criminal Law § 138.21 — assault with deadly weapon with intent to kill inflicting serious injury — especially heinous, atrocious, or cruel offense — sufficiency of evidence**

In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury, evidence was sufficient to support the trial court's finding that the offense was heinous, atrocious, or cruel, where it tended to show that defendant approached the victim's back door with a plant in her hand; when the victim opened the door and took the plant, defendant shot her in the chest; the victim suffered a wound to her heart, and this injury was sufficient to support a conviction for the crime charged; the second, third, and fourth shots were not necessary to the conviction and resulted in a severed jugular vein and permanent nerve injury to the victim's arm; there was ample evidence of physical pain and psychological suffering sufficient to support the judge's finding that the offense was heinous, atrocious, or cruel in that the victim pled with defendant to stop firing; after all shots were fired, the victim was on the ground, drifting in and out of consciousness; and the victim felt pain and trauma, yet was unable to get help because she could not move. N.C.G.S. § 15A-1340.4(a)(1)(f).

2. **Criminal Law § 138.24— severity of sentence—physical infirmity of victim as aggravating factor—sufficiency of evidence**

　　In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury, the trial court did not err in finding as an aggravating factor that the victim was physically infirm where the evidence tended to show that the victim was wearing a leg cast and, as a result, her mobility was greatly impaired; after being shot, the victim went down; once down, she had difficulty getting up; two hours later she finally managed to get back to her bedroom to call for assistance; and this evidence left little doubt that the victim's physical infirmity impeded her ability to recover from the effects of the attack and to call for assistance. N.C.G.S. § 15A-1340.4(a)(1)(j).

3. **Criminal Law § 138.29— severity of sentence—aggravating factor—insufficiency of evidence**

　　In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury, the trial court erred in finding as a nonstatutory aggravating factor that defendant posed a dangerous threat to others, since there was no evidence that defendant posed any greater threat or danger to others than any member of the public convicted of the crime charged; furthermore, there was no merit to the State's argument that defendant posed a danger to others because she harbored deep resentment against her former lover who testified against her.

ON discretionary review of a decision of the Court of Appeals, 80 N.C. App. 486, 342 S.E. 2d 536 (1986), finding error in a judgment entered by *Hight, J.*, at the 10 June 1985 Criminal Session of Superior Court, STOKES County, upon defendant's conviction by a jury of breaking or entering and of assault with a deadly weapon with intent to kill inflicting serious injury. The trial court imposed an active sentence of twenty years imprisonment for the assault with a deadly weapon with intent to kill inflicting serious injury conviction and a ten-year suspended sentence for the breaking or entering. The Court of Appeals held that the defendant received an error-free trial but that the trial court erred in finding aggravating factors under the Fair Sentencing Act, N.C.G.S. §§ 15A-1340.1 through -1340.7 (1983 & Cum. Supp. 1985). Pursuant to N.C.G.S. § 7A-31, the State filed a petition for discretionary review, which this Court granted on 7 July 1986. Heard in the Supreme Court 13 October 1986.

　　*Lacy H. Thornburg, Attorney General, by K. D. Sturgis, Associate Attorney General, for the State-appellant.*

　　*Greeson and Page, by Michael R. Greeson, Jr., for defendant-appellee.*

State v. Vaught

MEYER, Justice.

This appeal presents questions concerning whether the trial court, in sentencing a defendant under the guidelines of the Fair Sentencing Act, N.C.G.S. § 15A-1340.4 (1983 & Cum. Supp. 1985), properly considered certain aggravating factors in imposing a prison sentence in excess of the presumptive term prescribed for the assault of which defendant was convicted.

The defendant was convicted of assault with a deadly weapon with intent to kill inflicting serious injury and of felonious breaking or entering. The trial court imposed the maximum active sentence of twenty years imprisonment for the assault and imposed a ten-year suspended sentence for the breaking or entering conviction. The Court of Appeals held that the defendant received a fair trial but that the trial court erred in the sentencing phase as to the assault conviction by considering as aggravating factors that (1) the offense was especially heinous, atrocious, or cruel; (2) the victim was physically infirm; and (3) the defendant poses a dangerous threat to others. No factors in aggravation or mitigation were found as to the breaking or entering conviction. We reverse the Court of Appeals holding that the sentencing judge erred in finding that (1) the offense was especially heinous, atrocious, or cruel; and (2) the victim was physically infirm. We affirm that portion of the Court of Appeals opinion holding that the sentencing judge erred in finding that the defendant poses a dangerous threat to others.

Under the Fair Sentencing Act, the trial judge is to consider certain statutory aggravating and mitigating factors in determining whether to sentence the defendant for a prison term in excess of the presumptive term. In addition to the statutory factors that the judge must consider, the judge may consider other aggravating and mitigating factors that are proved by a preponderance of the evidence and that are reasonably related to the purpose of sentencing. N.C.G.S. § 15A-1340.4(a) (1983 & Cum. Supp. 1985). If the judge imposes a prison term that differs from the presumptive term, he or she must list in the record each factor in aggravation or mitigation that is proved by a preponderance of the evidence. N.C.G.S. § 15A-1340.4(b) (1983 & Cum. Supp. 1985).

The State's evidence tended to show that on 5 December 1984 at approximately 7:30 a.m., defendant Evelyn Vaught went to Shirley Slater's home and knocked on the back door. Because the defendant was carrying a potted poinsettia, Ms. Slater assumed she was receiving a flower delivery and opened the door. The defendant handed Ms. Slater the plant and then shot Ms. Slater in the chest. Although the first shot disabled Ms. Slater, the defendant continued firing at Ms. Slater, who ultimately sustained gunshot injuries to the heart, neck, and arm as a result of this incident.

The State's evidence further showed that Ms. Slater had been dating a man with whom the defendant had been romantically involved. The evidence tended to show that the defendant persistently sought the man's affections and was disappointed when he would not return her phone calls. Additionally, the defendant had seen Ms. Slater with the man on several occasions.

In late October 1984, the victim, Ms. Slater, sustained an injury to her left foot which required that she wear a cast that went from her toes to her knee. Ms. Slater testified that while wearing the cast, she had seen the defendant at a cafeteria in Winston-Salem and that the defendant had the opportunity to observe that she was wearing a cast. Ms. Slater was using crutches and wearing the cast on the day of the shooting.

The defendant contended that she was visiting her mother and sister on the date of the shooting.

The jury convicted the defendant of felonious breaking or entering and of assault with a deadly weapon with intent to kill inflicting serious injury. At the sentencing stage, the trial judge considered the factors in aggravation and mitigation and sentenced the defendant to the maximum term of twenty years for the assault conviction.

I.

[1] The first issue we address is whether the trial court erred in finding as an aggravating factor that the offense was especially heinous, atrocious, or cruel. N.C.G.S. § 15A-1340.4(a)(1)(f) (1983 & Cum. Supp. 1985).

In determining whether a crime is "especially heinous, atrocious, or cruel" under N.C.G.S. § 15A-1340.4(a)(1)(f), the focus is on

whether "the facts of the case disclose *excessive* brutality, or physical pain, psychological suffering, or dehumanizing aspects *not normally present in that offense." State v. Blackwelder*, 309 N.C. 410, 414, 306 S.E. 2d 783, 786 (1983) (emphasis in original). The extent of physical mutilation of the body of the deceased or surviving victim may also be appropriate in measuring the brutality of the crime. *Id.* at 415, 306 S.E. 2d at 787. Furthermore, that the victim suffered both psychological and physical pain not normally present in the offense will support a finding of heinous, atrocious, or cruel. *State v. Brown*, 314 N.C. 588, 336 S.E. 2d 388 (1985) (second-degree murder: where the victim, who was tied to a bedpost and had a towel forced down his throat, suffered emotional distress before dying of asphyxiation); *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983) (voluntary manslaughter: where the two-year-old child victim was struck against bedpost with such force that it shattered a cast covering his lower abdomen and leg and fractured his skull).

Relying on its decision in *State v. Medlin*, 62 N.C. App. 251, 302 S.E. 2d 483 (1983), the Court of Appeals ruled that the facts in the present case do not support a finding of heinous, atrocious, or cruel under N.C.G.S. § 15A-1340.4(a)(1)(f). In *Medlin*, the Court of Appeals held that evidence that the defendant shot the victim five times with a .22-caliber pistol and fled without rendering assistance was insufficient to support a finding of heinous, atrocious, or cruel because the evidence did not reflect excessive brutality beyond that present in any assault with a deadly weapon with intent to kill inflicting serious injury.

In *State v Blackwelder*, 309 N.C. 410, 306 S.E. 2d 783, we discussed *Medlin* and noted:

> While the Court of Appeals in *Medlin* applied the correct standard, *i.e.* whether the offense was excessively brutal beyond that normally present in any assault with a deadly weapon with intent to kill inflicting serious injury, the court ignored, to defendant's favor, *that the victim was shot five times. Where proof of one act constituting an offense is sufficient to sustain a defendant's conviction, multiple acts of the same offense are relevant to the question of sentencing, including whether the offense charged was especially heinous, atrocious, or cruel.*

*Id.* at 413 n. 1, 306 S.E. 2d at 786 n. 1 (emphasis added).

Applying the law to the facts of the present case, it is clear from the record that there was sufficient evidence to support the trial court's finding that the offense was heinous, atrocious, or cruel. The initial shot resulted in a wound to Ms. Slater's heart and was sufficient to support a conviction of assault with a deadly weapon with intent to kill inflicting serious injury. The second, third, and fourth shots were not necessary to the conviction and resulted in a severed jugular vein and permanent nerve injury to Ms. Slater's arm.

The record also discloses ample evidence of physical pain and psychological suffering sufficient to support the trial judge's finding that the offense was heinous, atrocious, or cruel. The victim pled with the defendant to stop firing. After all shots were fired, the victim was on the ground, drifting in and out of consciousness. She felt pain and trauma, yet was unable to get help because she could not move.

We reverse the Court of Appeals holding that the trial court erroneously found that the offense was heinous, atrocious, or cruel.

II.

[2]   The second issue we address is whether the trial court erred in finding as an aggravating factor that the victim was physically infirm. N.C.G.S. § 15A-1340.4(a)(1)(j) (1983 & Cum. Supp. 1985).

We have held that the victim's "*vulnerability* is clearly the concern addressed by this factor." *State v. Ahearn,* 307 N.C. 584, 603, 300 S.E. 2d 689, 701. In most of the cases in which we have reviewed this factor, our focus has been on the victim's age, *e.g., State v. Barts,* 316 N.C. 666, 343 S.E. 2d 828 (1986) (very old, targeted victim); *State v. Ahearn,* 307 N.C. 584, 300 S.E. 2d 689 (victim very young).

In *State v. Hines,* 314 N.C. 522, 335 S.E. 2d 6 (1985), we held that a victim's age does not make a defendant more blameworthy unless age "impedes a victim from fleeing, fending off attack, *recovering from its effects,* or otherwise avoid being victimized." *Id.* at 525, 335 S.E. 2d at 8 (emphasis added). This test applies with equal force where the victim's physical *infirmity,* rather

than her age, impedes her ability to flee, fend off attack, or recover from the effects of an attack.

In the present case, the Court of Appeals held that because the victim "had no opportunity, with or without the cast, to escape," 80 N.C. App. at 490, 342 S.E. 2d at 538, the trial court improperly found as an aggravating factor the victim's physical infirmity. Although the cast may have had no effect on the victim's ability to escape a rapid-fire succession of gunshots, the first of which disabled her, it may have impeded her ability to recover from the effects of the attack and thus to summon help.

The record discloses that at the time of the offense, Ms. Slater was wearing a leg cast and, as a result, her mobility was greatly impaired. After being shot, she went down; once down, she had difficulty getting up. Two hours later, she finally managed to get back to her bedroom to call for assistance. This evidence leaves little doubt that the victim's physical infirmity impeded her ability to recover from the effects of the attack and to call for assistance. Thus, the trial court did not err in finding the victim's physical infirmity as an aggravating factor.

We reverse the Court of Appeals holding that there was not sufficient evidence from which the trial judge could find as an aggravating factor that the victim was physically infirm. N.C.G.S. § 15A-1340.4(a)(1)(j) (1983 & Cum. Supp. 1985).

III.

[3]  Finally, we must determine whether the trial court erred in finding as a nonstatutory aggravating factor of the assault conviction that the defendant poses a dangerous threat to others. A nonstatutory aggravating factor must be proved by a preponderance of the evidence and must be reasonably related to the purposes of sentencing. N.C.G.S. § 15A-1340.4(a) (1983 & Cum. Supp. 1985).

We agree with the Court of Appeals holding that the trial court erred in finding this nonstatutory aggravating factor. The evidence presented was not sufficient to support a finding that the defendant posed any greater threat or danger to others than any member of the public convicted of assault with a deadly weapon with intent to kill inflicting serious injury.

The State argues that because the defendant harbors deep resentment against her former lover who testified against her, the defendant poses a danger to others. If we accept this proposition, it would follow that whenever a witness testifies against a defendant who is ultimately convicted of a crime of violence, a trial judge could aggravate the sentence because the defendant poses a threat to others. Presumably, the General Assembly considered the threat of violence in determining the presumptive sentences for crimes against the person. *State v. Higson*, 310 N.C. 418, 312 S.E. 2d 437 (1985).

In conclusion, we reverse the Court of Appeals opinion insofar as it holds that the trial court erred in finding, as to the assault conviction, that (1) the offense was especially heinous, atrocious, or cruel; and (2) the victim was physically infirm. We affirm that portion of the Court of Appeals opinion holding that the trial court erroneously found as a nonstatutory aggravating factor that the defendant poses a threat to others. The case is remanded to the Court of Appeals for further remand to the Superior Court, Stokes County, for resentencing.

Affirmed in part, reversed in part, and remanded.