STATE OF NORTH CAROLINA v. CHRISTOPHER EUGENE EVANS

No. COA94-1413

(Filed 21 November 1995)

**1. Criminal Law § 1145 (NCI4th)— heinous, atrocious, and cruel offenses—sufficiency of evidence of aggravating factor**

The evidence was sufficient to support the trial court's finding that three assaults were heinous, atrocious, or cruel where defendant broke open one victim's door and began shooting; all three victims suffered multiple gunshot wounds; the initial act of firing the weapon and injuring the three victims was sufficient to support a conviction for assault with a deadly weapon with intent to kill inflicting serious injury in each case; and the additional shots which resulted in further injury to each victim were not necessary to the conviction. N.C.G.S. § 15A-1340.4(a)(1)(f).

**Am Jur 2d, Criminal Law §§ 598, 599.**

**2. Criminal Law § 1120 (NCI4th)— permanent disability— sufficiency of evidence of aggravating factor**

The trial court in an assault prosecution did not err in finding as a nonstatutory aggravating factor that the injuries to two of the victims resulted in permanent disability where the evidence that one victim underwent a hysterectomy as a result of the assault and that another had to undergo surgery which resulted in half of her collarbone being removed was sufficient to permit a finding of permanent injury, and the evidence was separate from that required to prove the assaults.

**Am Jur 2d, Criminal Law §§ 598, 599.**

**3. Criminal Law § 1149 (NCI4th)— use of weapon normally hazardous to more than one person—sufficiency of evidence**

The trial court did not err in finding the statutory aggravating factor that defendant knowingly created a great risk of death to more than one person by means of a weapon which would normally be hazardous to the lives of more than one person in each of the assault charges where the evidence showed that defendant indiscriminately fired a semi-automatic weapon in the house which was occupied by three women and two minor children. N.C.G.S. § 15A-1340.4(a)(1)(g).

**Am Jur 2d, Criminal Law §§ 598, 599.**

**4. Criminal Law § 1120 (NCI4th)— excessive monetary damages—sufficiency of evidence of aggravating factor**

The trial court properly found that monetary damages of $135,000 and $28,325 incurred by the victims in this case exceeded the amount normally found in this type of assault and therefore properly considered this as a nonstatutory aggravating factor.

**Am Jur 2d, Criminal Law §§ 598, 599.**

Appeal by defendant from judgments entered 21 July 1994 by Judge Jesse B. Caldwell, III in Mecklenburg County Superior Court. Heard in the Court of Appeals 27 September 1995.

*Attorney General Michael F. Easley, by Assistant Attorney General Elaine A. Humphreys, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender Stephanie W. Jordan, for defendant-appellant.*

WALKER, Judge.

The defendant, Christopher Eugene Evans, pled guilty to three counts of assault with a deadly weapon with intent to kill inflicting serious injury and one count of felonious breaking and entering. At the sentencing hearing the following facts were summarized by the prosecutor without objection:

Ms. Carter and the defendant were in a dating relationship for about one year until 1 January 1994, when Ms. Carter ended the rela-

STATE v. EVANS

[120 N.C. App. 752 (1995)]

tionship. Ms. Carter was afraid of the defendant because of his jealous nature.

More than a month after the relationship ended, the defendant saw Ms. Carter with another man, Mr. Johnson, and pointed a gun at both of them. The defendant then assaulted Mr. Johnson and Ms. Carter.

Following the assaults, Ms. Carter and Mr. Johnson went to the magistrate's office and took out warrants against defendant. For additional safety, Ms. Carter obtained a domestic violence protective order.

Three days later on 22 February 1994, the three victims, Vivian Carter, Addie Davis, and Pamela Dover were outside Ms. Carter's residence washing a car. The victims became frightened and ran inside when they saw the defendant approaching them. They locked the front door to Ms. Carter's residence, but defendant broke open the door, entered the house, and began firing at all three victims with a semi-automatic handgun. During this time, defendant said, "You don't take out any warrants on me." Two minor children were present in the house during the shooting.

Ms. Carter was shot six times causing serious injury to her right armpit, left hip, and pelvic and abdominal areas. Ms. Carter testified that she had no feeling in her right arm, had nerve damage in her right leg, had difficulty moving her right leg, had a scar on her back, and would have to undergo further plastic surgery. As a result of these injuries, Ms. Carter had to have a hysterectomy performed and will be unable to have children.

Ms. Davis was in critical condition after being shot three times; once in the collarbone, once in the side of her head, and once on the tip of her eyebrow and chin. Ms. Davis stated that the bullet became lodged in her collarbone and that one-half of the collarbone had to be removed. She also testified that the movement in her right arm was restricted, that the nerve around her eyebrow was damaged, and that she had a large scar from her right ear to her right armpit which required plastic surgery.

Ms. Dover was shot in the stomach and in the foot area. As a result of her injuries, Ms. Dover was hospitalized.

Prior to sentencing the defendant, the court made findings of aggravating and mitigating factors. As to each of the three assault

charges, the court found that the offense was especially cruel, heinous, or atrocious; that defendant knowingly created a great risk of death; and that the offense was committed to disrupt or hinder law enforcement. Further, with regard to each of the assaults against Ms. Carter and Ms. Davis, the court found as non-statutory factors that the offenses resulted in permanent disability and in excessive monetary damages not incident to the type of assault. The court then found that the aggravating factors outweighed the mitigating factors in each case and sentenced defendant to imprisonment for a term totalling 70 years.

[1] Defendant first argues that the court erred in finding as an aggravating factor that the offense was "especially heinous, atrocious, or cruel" with respect to the charges of assault with a deadly weapon with intent to kill inflicting serious injury. N.C. Gen. Stat. § 15A-1340.4(a)(1)(f) (1988). Defendant contends that the trial court violated N.C. Gen. Stat. § 15A-1340.4(a)(1), which states that "[e]vidence necessary to prove an element of the offense may not be used to prove any factor in aggravation." He argues that the evidence used to support this aggravating factor is the same evidence used to satisfy the serious injury element of the charge.

The charge of assault with a deadly weapon with intent to kill inflicting serious injury may be aggravated where the offense was especially heinous, atrocious, or cruel. The question for the court is whether the facts of a particular case disclose "excessive brutality, or physical pain, psychological suffering, or dehumanizing aspects not normally present in that offense." *State v. Blackwelder*, 309 N.C. 410, 414, 306 S.E.2d 783, 786 (1983) (emphasis in original). The extent of mutilation of the body of the victim is relevant to measuring the brutality of the crime. *Id.* "Excessive brutality" or "conscienceless, pitiless, or unnecessarily tortuous" conduct is necessary to categorize a crime as heinous, atrocious, or cruel. *State v. Massey*, 62 N.C. App. 66, 68, 302 S.E.2d 262, 264 (1983), *aff'd and modified on other grounds*, 309 N.C. 625, 308 S.E.2d 332 (1983). Furthermore, psychological or physical pain not normally present in the offense will support a finding of heinous, atrocious, or cruel. *State v. Brown*, 314 N.C. 588, 336 S.E.2d 388 (1985) (finding aggravating factor where victim was tied to bedpost and had a towel forced down his throat causing him to suffer emotional distress before dying of asphyxiation).

This Court has refused to find that the crime was especially heinous, atrocious, or cruel in the following cases: *State v.*

*Hammonds*, 61 N.C. App. 615, 301 S.E.2d 457 (1983) (finding no evidence of this factor apart from evidence necessary to prove elements of crime where defendant without provocation shot victim once in the face); *State v. Massey*, 62 N.C. App. 66, 302 S.E.2d 262 (1983) (holding that defendant's action of going to victim's house and knocking down the door at 11:30 at night was insufficient to find that the offense was especially heinous, atrocious, or cruel); and *State v. Medlin*, 62 N.C. App. 251, 302 S.E.2d 483 (1983) (holding that there was insufficient evidence to support a finding that crime was especially heinous, atrocious, or cruel where the victim was shot five times).

In a later case *State v. Blackwelder*, 309 N.C. 410, 306 S.E.2d 783 (1983), our Supreme Court criticized the decision in *Medlin*. There the Court noted:

> While the Court of Appeals in Medlin applied the correct standard, i.e. whether the offense was excessively brutal beyond that normally present in any assault with a deadly weapon with intent to kill inflicting serious injury, the court ignored, to defendant's favor, that the victim was shot five times. Where proof of one act constituting an offense is sufficient to sustain a defendant's conviction, multiple acts of the same offense are relevant to the question of sentencing, including whether the offense charged was especially heinous, atrocious, or cruel.

*Id.*, at 413 n.1, 306 S.E.2d at 786 n. 1 (emphasis added).

In a similar case, *State v. Vaught*, 318 N.C. 480, 349 S.E.2d 583 (1986), our Supreme Court upheld the trial court's finding that the offense was especially heinous, atrocious, or cruel. In *Vaught*, the defendant approached the victim's back door with a plant in her hand; when the victim opened the door and took the plant, the defendant shot her in the chest causing injury to her heart. *Id.* at 483, 349 S.E.2d at 585. The defendant then shot the victim three additional times which resulted in a severed jugular vein and permanent injury to the victim's arm. The second, third, and fourth shots were not necessary to the conviction of assault with a deadly weapon with intent to kill inflicting serious injury and therefore were sufficient to aggravate the sentence. *Id.* at 485, 349 S.E.2d at 586.

Applying the law to the facts of the present case, it is clear from the record that there was sufficient evidence to support the trial court's finding that the three assaults were heinous, atrocious, or

cruel. Defendant broke open Ms. Carter's door and began shooting. All three victims suffered multiple gunshot wounds. The initial act of firing the weapon and injuring the three victims was sufficient to support a conviction for assault with a deadly weapon with intent to kill inflicting serious injury in each case. The additional shots which resulted in further injury to each victim were not necessary to the conviction.

[2] By his next assignment of error, defendant contends that the court erred in finding as a nonstatutory aggravating factor that the injuries to victims Carter and Davis resulted in permanent disability. Specifically, defendant contends that this factor was based on the same evidence used to support the aggravating factor that the offense was especially heinous, atrocious, or cruel.

N.C. Gen. Stat. § 15A-1340.4(a)(1) provides that "the same item of evidence may not be used to prove more than one factor in aggravation." This issue was raised in a recent decision by our Supreme Court. In *State v. Brinson*, 337 N.C. 764, 448 S.E.2d 822 (1994), defendant was indicted for assault with a deadly weapon with intent to kill inflicting serious injury. The State's evidence showed that defendant got into a confrontation with Eason, his cellmate, whereupon defendant struck Eason in the jaw and then slammed his head against the bars. Eason then heard his neck "pop" but the defendant continued to slam Eason's head on the floor. *Id.* at 766, 448 S.E.2d at 823. Eason was permanently paralyzed from the chest down as a result of a broken neck. The Court held that "[t]he evidence relating to the victim's broken neck, aside from evidence relating to the resulting paralysis, was sufficient to establish the element of the crime that the defendant inflicted a 'serious injury' upon the victim." *Id.* at 770, 448 S.E.2d 826. Further, the Court found that the evidence relating to the broken neck was not used in making the finding that the "injuries sustained by the victim were extremely severe and permanent;" instead, that finding rested solely on the victim's paralysis. *Id.* The Court recognized the principle that an appellate court is to presume that the trial court's findings were based on competent evidence. *Id.* *(citing Contracting Co. v. Ports Authority*, 284 N.C. 732, 739, 202 S.E.2d 473, 477 (1974). Thus, without any indication in the record to the contrary, the Court is to presume that the trial court did not improperly aggravate the sentence.

Applying the Court's reasoning to the present case, with regard to Ms. Carter's injuries, there was sufficient evidence to find that Ms.

Carter suffered a permanent disability, aside from the evidence supporting the finding that the offense was especially heinous, atrocious, or cruel. The record shows that Ms. Carter underwent a hysterectomy and will not be able to have children.

The trial court also found as a non-statutory aggravating factor that Ms. Davis' injuries were of a permanent nature not inherent in this type of assault. As a result of defendant's actions, Ms. Davis had to undergo surgery which resulted in one-half of her collarbone being removed. Therefore, in each case the court properly found these two aggravating factors supported by separate evidence.

[3] In his third assignment of error, defendant contends that the trial court erred in finding the statutory aggravating factor that the defendant knowingly created a great risk of death to more than one person by means of a weapon which would normally be hazardous to the lives of more than one person in each of the assault charges. In order to impose this aggravating factor, the sentencing judge must consider: (1) whether the weapon in its normal use is hazardous to the lives of more than one person; and (2) whether a great risk of death was knowingly created. *State v. Rose*, 327 N.C. 599, 605, 398 S.E.2d 314, 317 (1990). In *State v. Bethea*, 71 N.C. App. 125, 129, 321 S.E.2d 520, 523 (1984), we held:

> The legislature intended this aggravating factor to be limited to those weapons or devices which are indiscriminate in their hazardous power. Automatic weapons such as machine guns or bombs would fit that description. These weapons are normally hazardous to the lives of more than one person. (Emphasis in original.)

Defendant argues that there was insufficient evidence to find that the risk of death was knowingly created. We disagree.

In this case, the evidence shows that defendant indiscriminately fired a semi-automatic weapon in the house, which was occupied by three women and two minor children. After carefully considering the evidence, we find that the presence of three women and two minor children in the house during defendant's shooting rampage created a knowing risk of death to more than one person.

With regard to the second factor—whether the weapon in its normal use is hazardous to the lives of more than one person—the evidence indicates that defendant used a .38 or 9 millimeter automatic handgun. This Court in *State v. Antoine*, 117 N.C. App. 549, 451 S.E.2d

368 (1995) held that a semi-automatic pistol in its normal use is hazardous to the lives of more than one person and is the type of weapon contemplated by N.C. Gen. Stat. § 15A-1340.4(a)(1)(g) (1988). *See also State v. Burton*, 119 N.C. App. 625, 460 S.E.2d 181 (1995). Accordingly, we find that the trial court properly found that the handgun used by defendant was the type of weapon which, in its normal use, is hazardous to the lives of more than one person.

[4] As his fourth assignment of error, defendant argues that the court erred in finding the non-statutory aggravating factor that the monetary damage incurred by victims Carter and Davis was in excess of that normally contemplated in this offense. The State bears the burden of establishing the existence of an aggravating factor. *State v. Jones*, 104 N.C. App. 251, 409 S.E.2d 322 (1991). In *Jones*, this Court held that expenses of $4,700.00 were not sufficient to be considered as a non-statutory aggravating factor. *Id.* at 256, 409 S.E.2d 325. The Court noted that "[w]hile medical expenses, which represent a financial burden on the victim, may be considered as a non-statutory factor in aggravation, . . . we find that they may not be so used unless they are excessive and go beyond that normally incurred from an assault of this type." Id. at 258, 409 S.E.2d 326 (1991).

In this case, Ms. Carter's monetary damage was $135,000.00 and Ms. Davis' monetary damage was $28,325.00. After careful consideration of the evidence, we find that the trial court properly found that the monetary damages incurred by these victims exceeded the amount normally found in this type of assault and therefore properly considered this as an aggravating factor.

By his next assignment of error, defendant argues that the court erred in rendering a judgment which is not consistent with the aggravating factors found by the court as shown in the record. With regard to the breaking and entering charge, the judgment reflects that the court found the following factors in aggravation: (1) that the offense was especially heinous, atrocious, or cruel and (2) that the defendant knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person. The record reflects that the court gave the following instructions:

In each case, Madam Clerk, I want you to find number 6, that the offense was especially heinous, atrocious or cruel in each of the three assaults. This is not the breaking or entering case. I'll need four separate factor sheets, but in each of the three assault cases

find number 6. In each of the three cases find number 7, that the defendant knowingly committed—created a risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person.

Defendant asks that this case be remanded to correct a discrepancy between what the trial judge pronounced in open court and the resulting judgment. We interpret the trial judge's instruction to only find No. 6 (especially heinous, atrocious, and cruel) and No. 7 (that defendant knowingly created a risk of death to more than one person) as aggravating factors in each of the assault cases.

Further, the record indicates that the court found as an aggravating factor that Ms. Carter and Ms. Davis suffered permanent disabilities. While the evidence supports a finding that Ms. Davis suffered permanent disability, this aggravating factor is not reflected in Ms. Davis' judgment. Accordingly, this case is remanded for resentencing on the breaking and entering conviction and correction of the judgment in 94 CRS 34302.

In defendant's last assignment of error, he contends that the trial court committed error by finding that the aggravating factors outweighed the mitigating factors. We find this argument to be without merit as to the judgments in 94 CRS 34301, 34302, and 34303.

It is well established that the trial court has discretion to determine the weight it gives to mitigating and aggravating factors. *State v. Green*, 101 N.C. App. 317, 399 S.E.2d 376 (1991). As our Supreme Court has explained:

The discretionary task of weighing mitigating and aggravating factors is not a simple matter of mathematics. For example, three factors of one kind do not automatically and of necessity outweigh one factor of another kind. The number of factors found is only one consideration in determining which factors outweigh others. Although the court is required to consider all statutory factors to some degree, it may properly emphasize one factor more than another in a particular case. . . . The balance struck by the trial judge will not be disturbed if there is support in the record for his determination.

*State v. Ahearn*, 59 N.C. App. 44, 50, 295 S.E.2d 621, 625 (1982), *rev'd on other grounds*, 307 N.C. 584, 300 S.E.2d 689 (1983).

Accordingly, the trial court in its discretion properly found that the aggravating factors outweighed the mitigating factors in each of the assault cases.

Affirmed as to the judgments in 94 CRS 34301, 34302, and 34303.

Remanded for resentencing in 94 CRS 34304.

Judges LEWIS and MARTIN, MARK D. concur.